UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | Case No. 21-cv-3501 <br><br> **EXPEDITED HEARING REQUESTED** |

**PLAINTIFFS' MOTION FOR A STAY UNDER 5 U.S.C. § 705 AND A PRELIMINARY INJUNCTION**

Plaintiffs League of Women Voters, League of Women Voters of Virginia, League of Women Voters of Louisiana, League of Women Voters of Louisiana Education Fund, and J. Does 1, 4, and 5 respectfully move for a stay under the Administrative Procedure Act ("APA"), 5 U.S.C. § 705, and a preliminary injunction under Federal Rule of Civil Procedure 65. As set forth in the accompanying memorandum, Defendants have illegally overhauled the Department of Homeland Security's ("DHS's") Systematic Alien Verification for Entitlements ("SAVE") system in violation of the APA, the Privacy Act, and the separation of powers, and entirely in excess of their delegated authority. To prevent irreparable harm to Plaintiffs, the Court should stay or, in the alternative, enter a preliminary injunction with respect to the overhauled SAVE system pending resolution of this suit. The Court should also enter a preliminary injunction requiring DHS and the Social Security Administration to publish Systems of Records Notices in the Federal Register with all statutorily required information concerning the overhauled SAVE system no later than five business days of granting this motion.

1

In support of this motion, Plaintiffs submit the attached memorandum, Declaration of Plaintiff J. Doe 1, Supplemental Declaration of Plaintiff J. Doe 4, Declaration of Plaintiff J. Doe 5, Declaration of Celina Stewart, Declaration of Joan Porte, Declaration of M. Christian Green, Declaration of J. Doe 6, Declaration of Ginger McCall, and a proposed order.[1]

Pursuant to Local Civil Rule 65.1(d) and this Court's Standing Order No. 25-55, Plaintiffs respectfully request that the Court order Defendants to file any opposition to this motion by October 14, 2025, Plaintiffs to file their reply by October 21, and a hearing to be set at the earliest available date not later than October 24. As explained in the accompanying memorandum, expedition is essential to prevent irreparable harm to Plaintiffs and millions of proposed class members as a result of Defendants' ongoing unlawful and *ultra vires* actions.[2]

Counsel for Plaintiffs conferred with counsel for Defendants prior to filing this motion, who represented that "Defendants are unable to take a position on Plaintiffs' motion[] at this time, due to the lapse in appropriations. *See* 31 U.S.C. §§ 1341-42."

---

[1] Plaintiffs attach duplicate versions of the Declarations of Plaintiffs J. Does 1 and 5 previously filed in support of Plaintiffs' motion to proceed under pseudonyms. *See* ECF No. 14. Plaintiffs filed that motion and its supporting declarations under seal pursuant to the Court's docket entry dated October 1, 2025. However, nothing in that filing contains sensitive identifying information about Plaintiffs and it was intended to be fileable on the public docket. Plaintiffs therefore respectfully request that the Court unseal the filing lodged as ECF No. 14 in its entirety. Similarly, Plaintiffs do not seek (and would have no basis to seek) leave to file the declarations attached to the present motion under seal.

[2] Plaintiffs J. Does 1, 4, and 5 are concurrently moving for certification of a preliminary relief subclass with respect to Plaintiffs' alternative request for a preliminary injunction as to Defendants' overhaul of the SAVE system. However, the Court need only reach the motion for certification if it determines that it cannot grant such preliminary relief via a stay under § 705 of the APA. *See Trump v. CASA, Inc.*, 606 U.S. 831, 869 (2025) (Kavanaugh, J., concurring) (recognizing that plaintiffs in APA suits may, *without* seeking classwide relief, "ask a court to preliminarily 'set aside'" agency action) (citing, among others, *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 830 (2024) (Kavanaugh, J., concurring)); *accord Cabrera v. Dep't of Lab.*, 2025 WL 2092026, at *8 (D.D.C. July 25, 2025).

Dated: October 7, 2025

/s/ Nikhel S. Sus
Nikhel S. Sus (D.C. Bar No. 1017937)
John B. Hill (N.Y. Bar No. 5505508)*
Lauren C. Bingham (Fl. Bar No. 105745)*
Yoseph T. Desta (DC Bar No. 90002042)
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, D.C. 20044
Telephone: (202) 408-5565
Fax: (202) 588-5020
nsus@citizensforethics.org
jhill@citizensforethics.org
lbingham@citizensforethics.org
ydesta@citizensforethics.org

Aman T. George (D.C. Bar No. 1028446)
Jennifer Fountain Connolly (D.C. Bar No. 1019148)
Johanna M. Hickman (D.C. Bar No. 981770)
Mark B. Samburg (D.C. Bar No. 1018533)
Robin Thurston (D.C. Bar No. 1531399)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
ageorge@democracyforward.org
jconnolly@democracyforward.org
hhickman@democracyforward.org
msamburg@democracyforward.org
rthurston@democracyforward.org

Respectfully Submitted,

Jon Sherman (D.C. Bar No. 998271)*
Michelle Kanter Cohen (D.C. Bar No. 989164)
Emily Davis (D.C. Bar No. 90020129)
FAIR ELECTIONS CENTER
1825 K St. NW, Suite 701
Washington, DC 20006
202-331-0114
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
edavis@fairelectionscenter.org

*application for *pro hac vice admission* pending or forthcoming

*Counsel for All Plaintiffs*

John L. Davisson (D.C. Bar No. 1531914)
Enid Zhou (D.C. Bar No. 1632392)
Abigail Kunkler (D.C. Bar No. 90030868)
ELECTRONIC PRIVACY INFORMATION CENTER
1519 New Hampshire Ave NW
Washington, D.C. 20036
Telephone: 202-483-1140
Fax: 202-483-1248
davisson@epic.org
zhou@epic.org
kunkler@epic.org

*Counsel for Plaintiff Electronic Privacy Information Center*