UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | No. 1:25-cv-03501 |

**DEFENDANTS' MOTION FOR A STAY IN LIGHT OF LAPSE IN APPROPRIATIONS**

Defendants hereby move for a stay of all proceedings in this case, including further briefing on Plaintiffs' motion for a preliminary injunction, ECF No. 16. As good cause for this request, Defendants offer the following:

1. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The same is true for the majority of other Executive Branch agencies, including the two other agency defendants in this case. The Department does not know when such funding will be restored by Congress.

2. Absent an appropriation, Department of Justice attorneys and most employees of the other defendant agencies are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

3. In light of the lapse of appropriations, this Court issued Standing Order No. 25-55 (JEB), which generally extended Defendants' filing deadlines in civil actions and civil miscellaneous matters—except with respect to motions for temporary restraining orders and preliminary injunctions—"by the number of days equal to the length (in days) of the lapse of appropriations

plus ten days, provided that if the lapse is seven days or fewer, such extension shall be the number of days equal to the length (in days) of the lapse of appropriations plus five days."

4. As a result, Defendants' deadline to respond to (1) the complaint, ECF No. 1, (2) Plaintiffs' sealed motion to proceed under pseudonyms, ECF No. 14, and (3) Plaintiffs' motion for class certification, ECF No. 17, have each been automatically extended. But Defendants' deadline to respond to Plaintiffs' motion for preliminary injunction, ECF No. 16, has not been extended. Instead, the default response time under the Local Rules—seven days—is currently in effect, making the deadline Tuesday, October 14. *See* Local Civil Rule 65.1(c).

5. This case does not satisfy the standard in the Anti-Deficiency Act—that is, it does not present any "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342; *see also id.* (providing expressly that this definition "does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property"). Accordingly, this case should be litigated in the normal course, upon restoration of appropriations to the federal government.

6. Granting that relief would also allow all of the parties' motions (including Defendants' forthcoming motion to dismiss) to be briefed simultaneously, on one combined briefing schedule, to promote an efficient resolution of this case. Even setting aside compliance with the legal requirements of the Anti-Deficiency Act, that approach would be far more efficient for the parties and the Court.

7. Undersigned counsel for the Department of Justice therefore requests a stay of all proceedings in this case (including, in particular, further briefing on Plaintiffs' motion for a preliminary injunction) until Congress has restored appropriations to the Department.

8. If this motion for a stay is granted, undersigned counsel will notify the Court as soon as Congress has appropriated funds for the Department. The Government requests that, at that point, all current deadlines for the parties be extended commensurate with the guidelines set forth in Standing Order No. 25-55.

9. Before filing this motion, per Local Rule 7(m), counsel for Defendants conferred with counsel for Plaintiffs. Counsel for Plaintiffs reported that Plaintiffs oppose the relief requested in this motion, and referred to the arguments about irreparable harm that are included in their preliminary-injunction motion. But, although the Court need not resolve the question of irreparable harm to grant this routine stay motion, Plaintiffs' arguments about irreparable harm are speculative, overstated, and ultimately meritless.

10. As a general matter, Plaintiffs' scattershot complaint—which broadly challenges various activities that have taken place across the Executive Branch over the preceding nine months—does not identify any approaching event, nor any date by which they need relief to avoid some concrete and irreparable harm. Instead, Plaintiffs point more broadly to their "ongoing fear[s] about their data privacy" and their generalized concerns that some government data "is now at increased risk of hacking or theft." Pls.' Mot. at 39, ECF No. 16. But those sorts of allegations are not even enough to establish Article III standing, under binding Supreme Court precedent, *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 439 (2021)—much less to establish irreparable harm to justify preliminary relief. It is thus unsurprising that the Supreme Court has already ruled in favor of the government earlier this year, in granting an application to stay a district court's preliminary injunction in an analogous Privacy Act challenge to intra-government data sharing. *See Social Sec. Admin. v. American Fed'n of State, Cnty., & Mun. Emps.*, 145 S. Ct. 1626 (2025).

11. Plaintiffs also claim to fear "that they are at risk of being unfairly investigated for lawfully voting" at some point in the future. Pls.' Mot. at 36, ECF No. 16. Among other things, that fear is extraordinarily speculative, and in any event is not even attributable to the federal government—Plaintiffs' voting-related concerns are primarily directed to *state* law-enforcement officials who they fear may improperly manage *state* voter rolls. And even if Plaintiffs were correct that some of the Defendants have failed "to publish statutorily required information" in the Federal Register, *id.* at 41-42, that harm is not irreparable—if Plaintiffs could satisfy the other prerequisites for judicial relief, the Court would simply order publication of the allegedly missing information

at a later stage in this litigation. The bottom line is that this case presents no atypical exigency that warrants ignoring the legal requirements of the Anti-Deficiency Act.

12. Therefore, although we greatly regret any disruption caused to the Court and the other litigants, the government hereby moves for a stay of all proceedings in this case (including, in particular, further briefing on Plaintiffs' motion for a preliminary injunction) until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

Dated: October 8, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI (D.C. Bar No. 995500)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*