UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEAGUE OF WOMEN VOTERS,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **U.S. DEPARTMENT OF HOMELAND SECURITY,** *et al.*, <br><br> **Defendants.** | Civil Action No. 25-3501 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Several non-profit organizations and five individuals have sued federal Defendants, including the United States Department of Homeland Security and the Social Security Administration. They represent a putative nationwide class and seek to enjoin Defendants from using their personal data as part of a "comprehensive database[] of American citizens' data, centralized at" DHS. See ECF No. 1 (Compl.), ¶ 2, 195–97. The individual Plaintiffs now move to proceed under pseudonyms and to shield their identities from Defendants, citing concerns of retaliation by the federal Government. See ECF Nos. 14 (Mot. Pseudo); 14-1 (Mem. Supp. Pseudo) at 10. Because Plaintiffs have demonstrated specific retaliation risks that far outweigh any prejudice to Defendants, this Court takes the rare step of granting the individual Plaintiffs' Motion to Proceed Pseudonymously as to both the public and Defendants. Defendants may seek reconsideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

**I.      Background**

1

On September 30, 2025, the League of Women Voters, Electronic Privacy Information Center, and five individual Plaintiffs brought this action against federal agency Defendants. Individual Plaintiffs allege that Defendants mishandled their personally identifiable information (PII), including social-security numbers, in violation of federal statutory data-handling and privacy requirements. See generally Compl., ¶¶ 35–39, 91–101. At the root, Plaintiffs claim that Defendants have "repurposed pre-existing technology . . . to pool, merge, and consolidate" data related to individuals' citizenship statuses. Id., ¶ 96. Beyond the statutory data violations, Plaintiffs also allege that Defendants' consolidated databank has facilitated states' use of theirs and others' personal data to impermissibly "purge voter rolls and open criminal investigations." Id. at 25. Plaintiffs are concerned that they may be prevented from voting in their states of residence, despite their eligibility to vote, based on outdated or inaccurate social-security information transmitted to states by Defendants. See, e.g., ECF No. 14-3 (Doe 1 Decl.), ¶¶ 14–15. Along with several voting and electronic-privacy non-profit organizations, Plaintiffs brought this action on behalf of themselves and a putative nationwide class of "[a]ll United States citizens and lawful permanent residents whose records containing their Personally Identifiable Information are contained in the [consolidated federal agency systems], whose PII originated from a federal agency other than DHS or its subcomponents, and who did not consent to that PII being shared with DHS." Compl., ¶ 196.

The day after filing their Complaint, the individual Plaintiffs moved to proceed under pseudonyms. See Mot. Pseudo. In support of their fear of retaliation from proceeding publicly, Plaintiffs cite numerous actions taken by the current administration "against those it views as associated with the opposition," Mem. Supp. Pseudo at 4, including reducing federal funding or access to federal buildings, threatening criminal investigations, and pursuing immigration action.

Id.; see also Tom Dreisbach, Trump Has Used Government Powers to Target more than 100 Perceived Enemies, N.P.R. (Apr. 29, 2025) https://perma.cc/3VCH-S35S (describing retaliatory actions by federal officials against institutions and individuals). Defendants have not taken a position on the Motion "due to the current lapse in appropriations" and this district's standing order allowing a stay in civil cases in which the federal government is a party. See Mot. Pseudo. at 1 (citing In Re Stay of Civil Proceedings Involving the U.S. in Light of Lapse of Appropriations, No. 25-25, Standing Order (D.D.C Oct. 1, 2025)).

**II.     Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;

3

>   (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>   (3) the ages of the persons whose privacy interests are sought to be protected;
>   (4) whether the action is against a governmental or private party; and relatedly,
>   (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

### III. Analysis

The Court finds that all factors, except the third, militate in favor of permitting the individual Plaintiffs to proceed pseudonymously before the public at large and the Government. It discusses each below.

Taken together, the first two factors weigh in favor of granting the Motion. Plaintiffs do not seek to remain anonymous "merely to avoid the annoyance and criticism that may attend to any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature" and "avoid retaliatory physical or mental harm." In re Sealed Case, 971 F.3d at 326. Their Motion and accompanying declarations instead evince a fear that Defendants will use Plaintiffs' PII to target them for adverse employment and personal consequences, including "cuts to federal funding" for their employers. See Mem. Supp. Pseudo. at 7; see also ECF Nos. 14-3–7 (Decls. Does 1–5). Plaintiffs cite the government's prior actions to defund universities, cancel federal contracts, and "threaten[] federal criminal investigations" as the source of their concerns. See Mem. Supp. Pseudo at 4. Four of the five individual Plaintiffs are naturalized American citizens and fear that revealing their identities would prompt "an investigation of [Plaintiffs] and, potentially, their denaturalization." Id. at 7 (citing Decls. Does 1–2, 4–5).

4

Although none of Plaintiffs' examples involves retaliation by the Government because an individual initiated a suit against it, the administration's actions against individuals for "their involvement in litigation that is perceived as a legal or political threat to this Administration" is sufficiently analogous for the Court to credit Plaintiffs' retaliation fears.  Does 1–2 v. Off. Personnel Mgmt., 763 F. Supp. 3d 58, 61 (D.D.C. 2025); see also Mem. Supp. Pseudo at 7–8 & n.9 (recounting Government's actions against law firms and attorneys adverse to it, including suspending security clearances, revoking access to federal buildings, and terminating federal contracts).  What is more, the serious consequences of potential retaliation, including loss of employment opportunities or denaturalization, justify pseudonymity.  Cf. FBI Agents Ass'n v. United States Dep't of Just., 2025 WL 436050, at *2 (D.D.C. Feb. 4, 2025) (when retaliatory concerns bear "troubling" consequences, like doxing, pseudonymity is warranted); Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1071 (9th Cir. 2000) ("extraordinary retaliation" such as "deportation, arrest, and imprisonment" weighs in favor of shielding plaintiffs' identities).

Plaintiffs concede that the records at issue "do not involve the 'intimate issues' . . . that are most often associated with this factor," such as bodily autonomy, sexual activities, or reproductive rights.  See Mem. Supp. Pseudo. at 5 (quoting In re Sealed Case, 971 F.3d at 327).  But courts have recognized that pseudonymity is appropriate when plaintiffs "seek to protect . . . clearly sensitive personal information" that permits the government to easily and precisely identify plaintiffs for retaliation, "such as their phone numbers and email addresses." Doe 1 v. EEOC, No. 25-1124, ECF No. 16 (Mem. Op.) at 5 (D.D.C. May 5, 2025).  Here, the records at issue would reveal Plaintiffs' "SSNs, biometric data, tax information, wage and employment records . . . , and more."  Compl., ¶ 18.  Because pseudonymity "is important to the very rights

5

the plaintiffs seek to vindicate — [that is], their right to have their confidential information remain confidential," Doe 1, No. 25-1124, Mem. Op., at 5, and Plaintiffs have "sufficiently substantiated" risks of retaliation for their involvement in this litigation, see Does 1–2, 763 F. Supp. 3d at 61, the Court finds that the first two factors weigh in favor of pseudonymity.

The third factor, as Plaintiffs concede, does not support granting the Motion. See Mem. Supp. Pseudo at 8 (Plaintiffs "do not rely on the third factor"). Plaintiffs are all adults and their concerns, especially those related to voting, do not implicate minor children.

The fourth factor supports pseudonymity. "[A]nonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)). Here, Plaintiffs have sued federal agencies and the heads of those agencies in their official capacities, not individuals who face an asymmetric risk of reputational damage from pseudonymous litigation. See Compl., ¶¶ 40–45. The fact that Plaintiffs seek programmatic, rather than individualized, relief typically disfavors pseudonymity because the "public interest is intensified" when a party "seeks to alter the operation of public law . . . as applied to . . . other parties going forward." In re Sealed Case, 971 F.3d at 329. But this Court has recognized that "[t]he analysis . . . is changed by the fact that Plaintiffs seek to conceal information from the Government itself." Does 1–2, 763 F. Supp. 3d at 62. In other words, when the Government is sued for purported statutory violations applicable to thousands of its constituents, it is less likely to suffer either reputational harm or an inability to respond to plaintiffs' claims in litigation solely because it does not know the identity of the plaintiffs bringing the action.

6

The fifth factor likewise supports Plaintiffs' Motion. Concealing their identities from the Government as well as the public is unusual, but not unprecedented, and this Court has recognized the diminished prejudicial effect when pseudonymous Plaintiffs represent a broader class seeking identical relief. Compare R.A. v. Islamic Republic of Iran, No. 23-2606, ECF No. 4 (Mem. Op. & Ord.) at 5 (D.D.C. Sept. 12, 2023) (fifth factor supports motion when plaintiffs offer to disclose identities to defendant under seal), and Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op. & Ord.) at 5 (D.D.C. Mar. 8, 2024) (same when defendant already knows plaintiff's identity), with Does 1–2, 763 F. Supp. 3d at 62 (concealing plaintiffs' identities from Government more acceptable for class litigation when individual identities are less relevant). Although Plaintiffs' putative class is large, Defendants are "aware of the identities of every individual who would fall into" the class, not least because Defendants' possession of PII is a prerequisite for class membership. Does 1–2, 763 F. Supp. 3d at 62 (pseudonymity from public and Government appropriate when putative class contained thousands of recipients of OPM email); see also Compl., ¶ 196 (defining proposed class). Defendants are unlikely to face prejudice as the litigation proceeds because, as class representatives seeking broad relief, "Plaintiffs' individual identities are not relevant to the merits of their claims." Does 1–2, F. Supp. 3d at 62; see also Does I Thru XXIII, 214 F.3d at 1072 (before individualized accusations are relevant to a party's defense, "defendants suffer no prejudice by not knowing the names of plaintiffs"). Should Defendants need to learn facts about Plaintiffs or their identities as the litigation progresses — e.g., to assure satisfaction of Rule 23's class certification requirements — they "will remain free to request any further information [they] deem necessary to the full and fair defense of the case." Does 1–2, F. Supp. 3d at 62.

IV. Conclusion

The individual Plaintiffs have demonstrated the "unique circumstances" where anonymity from "the Government itself, along with the public at large" "appears to be necessary to provide Plaintiffs the opportunity to vindicate their rights." Id. (alterations and quotation marks removed).  The Court accordingly ORDERS that:

1. Plaintiffs' [14] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file on the public docket:

    i. A pseudonymous version of their [14] Motion and any attachments; and

    ii. A sealed *ex parte* declaration containing their real names and residential addresses.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: October 10, 2025

8