## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF THE UNITED STATES, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:25-cv-03501 |
| | § | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | § § | |
| Defendants. | § | |

## DECLARATION OF CHRISTINA WORRELL ADKINS

I, Christina Worrell Adkins, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following testimony is true and correct to the best of my knowledge and belief:

1. I am the Director of Elections for the Office of the Texas Secretary of State. I have served in this position since March 10, 2023, initially as the Acting Director until April 26, 2023. Prior to becoming Elections Director, I served as Legal Director of the Elections Division. I have worked at the Secretary of State's Office since June 2012.

2. Federal and state law require the Texas Secretary of State to implement and maintain a statewide computerized voter registration list that serves as the single system for storing and managing the official list of registered voters in the State. *See* 52 U.S.C. § 21083(a)(1)(A); Tex. Elec. Code § 18.061. With that obligation comes the responsibility for the Texas Secretary of State and county voter registrars to regularly review the voter registration lists, compare them with information received from government agencies and other sources, and remove ineligible individuals from the voter rolls.

3. Texas law contains numerous provisions that direct county voter registrars to investigate whether voters are eligible for registration and to cancel voter registrations in certain circumstances, including due to death, felony conviction, mental incapacity, and non-U.S. citizenship. *See* Tex. Elec. Code §§ 16.001, 18.068 (death); 16.003 (felony conviction); 16.002 (mental incapacity); 16.0332, 18.068 (non-U.S. citizenship).

4. As to potential non-U.S. citizens specifically, state law requires the Texas Department of Public Safety (DPS) to regularly notify the Texas Secretary of State of persons who indicate a lack of citizenship status in connection with a motor vehicle or DPS record. Tex. Elec. Code § 16.0332. State law also directs court clerks, who maintain the jury wheel for each county, to send the county voter registrar and the Texas Secretary of State, on a monthly basis, a list of each person who was excused or disqualified from jury service because the person is not a U.S. citizen. Tex. Gov't Code § 62.113. Voter registrars also have the independent obligation to use any lawful means to investigate whether a registered

voter is currently eligible for registration in their county, including based on non-U.S. citizenship. *See* Tex. Elec. Code § 16.033. These provisions not only support efforts to maintain clean voter rolls for the State of Texas, but also help ensure that non-U.S. citizens are not subjecting themselves to criminal liability under federal and state law by registering to vote.

5.  Likewise, federal law requires the State of Texas to perform list maintenance with respect to its voter registration list and to conduct the maintenance in a manner that ensures that voters who are not eligible to vote are removed from the list. *See* 52 U.S.C. § 21083(a)(2)(A), (a)(2)(B); *id.* § 20507. With respect to non-U.S. citizens, federal law entitles state and local officials to receive citizenship status information from the United States Citizenship and Immigration Services (USCIS). For example, federal law provides that state governments may not be prevented from requesting citizenship information from USCIS, 8 U.S.C. § 1373(a), and USCIS must fulfill such requests, *id.* § 1373(c).

6.  In March 2025, the Texas Secretary of State signed a Memorandum of Agreement with USCIS for participation in the Systematic Alien Verification for Entitlements (SAVE) system for voter registration and voter list maintenance purposes.

7.  The Texas Secretary of State did not gain access to the SAVE system before this year because the system previously required users to enter identifying information—namely, an alien registration number—that the Texas Secretary of State did not maintain. Moreover, users had to submit each record to the system one at a time. Thus, the SAVE system was an inadequate option for an agency like the Texas Secretary of State seeking to obtain citizenship status information for individuals on the voter rolls. USCIS also charged users a fee for each verification submitted to the SAVE system—which, for a state of Texas's size, would have entailed a significant cost to obtain data from the system.

8.  The recent modifications to SAVE have made the system functional for use by Texas and other states seeking to determine eligibility for voter registration. It is my understanding that Texas was one of the first states to partner with USCIS to compare its voter lists with the SAVE system. Simply put, the changes to the SAVE system over the last several months have been transformational for the Texas Secretary of State.

9.  Most critically for our office, we now have the ability to search the SAVE system with a person's social security number rather than an alien registration number or other immigration identifier that is not maintained in Texas's voter registration system. In addition, the new system allows our office to submit bulk uploads of voter records to SAVE instead of going through a cumbersome process of searching one record at a time. On top of that, in response to an executive order issued by the Trump Administration, there is no longer a charge for users to search records in the SAVE system.

10. The changes to the SAVE system allowed the Texas Secretary of State to run the entire statewide list of more than 18 million voters through the system—which is the most current and accurate data set available for verification of U.S. citizenship—at no charge.

11. With these modifications to the SAVE system, the State of Texas has another effective tool to use in fulfilling its obligation to maintain clean, up-to-date voter registration rolls. At the same time, we recognize that the SAVE system does not, by itself, indicate whether a person is eligible for voter registration or to receive a benefit or license from another state agency. The system gives our office and county voter registrars information regarding a person's legal status, which we can use—along with other information about the registrant—to determine the person's eligibility to vote.

12. To that end, under Texas law, no voter is immediately canceled from the voter rolls based on information obtained from the SAVE system. Instead, the Texas Secretary of State sends voter records to county voter registrars, who then conduct their own investigations into the eligibility of voters as part of their statutory responsibilities to remove ineligible voters from the rolls.

Executed on this 24th day of October, 2025.

Christina Worrell Adkins
Director of Elections