# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| League of Women Voters, et al<br><br>*Plaintiffs* v.<br><br>U.S. Department of Homeland Security, et al<br><br>*Defendants* | Case No. 1:25-cv-03501-SLS |

## DECLARATION OF CHRISTOPHER DAVIS

I, Christopher Davis, pursuant to 28 U.S.C. § 1746, declare that the following statements are true and correct to the best of my knowledge and belief:

1. I have worked in voter registration and election administration for 13 years.
2. From 2012 to 2015, I was the Elections Administrator in Cameron County, Texas, in charge of voter registration and elections.
3. From 2015 to 2023, I was the Elections Administrator in Williamson County, Texas, in charge of voter registration and elections.
4. I am currently the Voter Registration Director for Celia Israel, Travis County Tax Accessor-Collector. I have been in this role since 2023.
5. Less than two weeks ago and on the first day of Early Voting for the current November 4, 2025 election, on October 20, 2025, the Texas Secretary of State announced via press release that her office "completed a full comparison of the state's voter registration list against citizenship data in the U.S. Citizenship and Immigration Services' SAVE database" and "[l]ast week those voter files were provided to Texas counties, who will now conduct their own investigations into the eligibility of these voters as part of their statutory responsibilities to remove ineligible voters from the rolls under Chapter 16 of the Texas Election Code."
6. On October 21, 2025, the Texas Secretary of State sent an email advisory to Texas counties, including Travis County, to inform counties that the list referenced in the previous day's press release was in our online repository.
7. Apparently on October 16, 2025, the Secretary of State's office added a list of potential non-citizens to Travis County's online repository, but we were not made aware of this until the October 21 email advisory from the Secretary of State. I have spoken with several other Texas counties who were also not made aware of their potential non-citizen match lists until they received the Secretary of State's October 21 email advisory.
8. We understand that the list we received was generated using the SAVE database but we have no visibility into how the matching process was conducted, how the list was created, or the reliability of the information within the database. For example, it is not clear whether

   the information provided by the Secretary of State's office accurately reflects the citizenship status of naturalized citizens who naturalized before registering to vote.
9. About twenty-five percent of the non-citizen matches on Travis County's list have a voter registration source code of *64 – Department of Public Safety*. Our understanding of this designation is that the applicant registered to vote at the Department of Public Safety (DPS) and, through the process at DPS, provided proof of citizenship at the time of registration. When I contacted the Secretary of State's Office about this apparent issue with the list we received, they could not clarify why people who registered to vote at DPS would be flagged via the SAVE database matching process. Instead, the Secretary of State's Office indicated I should contact DPS directly. It is my understanding that other counties have experienced this same issue with the lists sent to them by the Secretary of State.
10. Travis County takes its list maintenance role, described by both federal and state law, seriously. We are in the process of carefully researching each non-citizen match sent to us from the Secretary of State to determine if further action, including a possible notice under Texas Election Code 16.033, is truly warranted.
11. Any required Texas Election Code 16.033 notices sent to voters will go through the United States Postal Service. Per Texas Election Code 16.033, if the voter does not respond to that notice within 30 days after it is mailed, the voter's registration is required to be cancelled.
12. This process can be a burden on voters given the required short turnaround for providing proof of citizenship.
13. I have interacted with voters in the past who felt intimidated by receiving a governmental document indicating that they needed to provide proof of citizenship when they had previously done so with a state agency, like DPS. I am worried that sending out this notice will deter eligible voters from providing the required proof of citizenship and/or from voting.
14. I am concerned that the list Travis County received from the Secretary of State is flawed and worry about the potential for voters to be improperly cancelled from the voter rolls and possibly disenfranchised as a result.
15. The situation described in this declaration is evolving day-to-day. We are working to adapt to the situation as it evolves in real time given the limited information provided to us by the Secretary of State.

I hereby declare under penalty of perjury that the foregoing is true and correct.

**Executed on the 29th day of October, 2025.**

**Christopher Davis**

2