**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS, *et al.*,<br>Plaintiffs,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br>Defendants. | No. 1:25-cv-03501-SLS |

**DEFENDANTS' RESPONSE TO THE STATE OF TEXAS'S**
**EMERGENCY MOTION TO INTERVENE**

At its core, this is a Privacy Act lawsuit against three federal agencies, based primarily on the theory that the Department of Homeland Security (DHS) and the Social Security Administration (SSA) each failed to publish an updated System of Records Notice (SORN) about recent changes to system called Systematic Alien Verification for Entitlements (SAVE). For the reasons explained in Defendants' opposition to Plaintiffs' motion for a preliminary injunction, ECF No. 37, and at the recent hearing in this matter, although all of Plaintiffs' claims lack merit, the Court need not decide the merits at this time, and instead can deny Plaintiffs' motion for a preliminary injunction on threshold grounds. This case can then be litigated in the normal course, once appropriations are restored. *See* Standing Order No. 25-55 (JEB). So although Defendants understand why Texas captioned its filing as an "emergency" motion (given the then-upcoming hearing), there is currently no "emergency" that the Court has to resolve immediately—not with respect to any of Plaintiffs' claims, and not with respect to Texas's motion to intervene.

If the Court does wish to decide Texas's motion now, however, Defendants respectfully submit that Texas's request for intervention as of right should be denied, for the reasons that follow. Defendants take no position on Texas's alternative request or permissive intervention. Defendants would consent to a motion for leave to file an amicus brief.

**I. Texas's motion for intervention as of right should be denied.**

Federal Rule of Civil Procedure 24(a) allows for intervention as of right where an intervenor submits a timely motion and, among other things, has an interest in the matter which may be impaired by its resolution, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). "Although an intervenor's burden of showing inadequacy of representation is minimal, a presumption of adequate representation exists if both the intervenor and existing party have the same ultimate objective." *HRH Servs. LLC v. Travelers Indem. Co.*, No. 23-cv-2300 (JDB), 2024 WL 4699925, at *9 (D.D.C. Nov. 6, 2024) (quoting *Cobell v. Jewell*, No. 96-cv-1285 (TFH), 2016 WL 10704595, at *2 (D.D.C. Mar. 30, 2016)). "The movant then bears the burden to 'rebut this presumption by demonstrating special circumstances that make the representation inadequate, such as adversity of interest, collusion, or nonfeasance.'" *Id.*

Here, Texas filed a timely motion to intervene. But to the extent that Texas has an interest in this matter, it will be adequately represented by the United States, which intends to vigorously defend this suit—indeed, it has already begun to do so, in its filings and at the recent preliminary-injunction hearing. Texas and the United States thus "have the same ultimate objective," *id.*, which is to fully defeat Plaintiffs' claims and obtain dismissal of this litigation. And there are no "special circumstances" here that would rebut the presumption of adequate representation. *Id.*

Texas acknowledges that it "shares similar interests with Federal Defendants as adversaries of Plaintiffs," but still argues that "Federal Defendants do not have an interest in protecting Texas's use of the SAVE database." Texas's Mot. to Intervene. at 9, ECF No. 43 ("Texas Mot."). But the litigation interests of the United States are to protect the interests of *all* SAVE users in continued access to an improved and modernized version of the SAVE database. That includes Texas.

Texas is correct that it "is currently adverse to Federal Defendants in litigation seeking to compel Federal Defendants' disclosure of citizenship and immigration information through the SAVE system under 8 U.S.C. § 1373." Texas Mot. at 9. But in *this* suit, Texas and the United States have the same interest, which is to defeat Plaintiffs' claims in full.

Finally, Texas argues that "to the extent Federal Defendants' interest are aligned with Texas's, the federal government shutdown is presently inhibiting Federal Defendants' ability to represent these interests." *Id.* To be sure, the current lapse in appropriations has complicated the government's work on this case. But, as indicated by its filings and court appearances thus far, the United States will comply with all court-ordered obligations and unstayed litigation deadlines, notwithstanding the absence of appropriations. So the current lapse in appropriations is not a reason to conclude that the United States will do anything other than vigorously defend this suit and therefore adequately represent Texas's interest in seeing Plaintiffs' claims defeated.

For these reasons, Texas's request for intervention as of right should be denied.

**II. The United States takes no position on permissive intervention.**

In the alternative, Texas moves for permissive intervention under Rule 24(b). That rule provides that, upon a timely motion, the Court "may" permit intervention by movants who have a "claim or defense" that shares a "common question of law or fact" with the main action. Fed. R. Civ. P. 24(b)(1).

In exercising its discretion under Rule 24(b), this Court should be mindful of the fact that, by statute, the "Solicitor General" and other "officer[s] of the Department of Justice" as the Attorney General may direct have responsibility for "attend[ing] to the interests of the United States" in the courts. 28 U.S.C. § 517. As the Supreme Court has explained, vesting this authority in the Attorney General and Solicitor General "represents a policy choice by Congress." *FEC v. NRA Political Victory Fund*, 513 U.S. 88, 96 (1994). The Court should not lightly displace this discretionary authority of the Executive Branch by allowing other entities to participate in the defense of the challenged agency actions—especially where, as here, there is no indication that the Department of Justice intends to take any action that would impair any interest of Texas in the outcome of this litigation.

Ultimately, however, "[a]s its name would suggest, permissive intervention is an inherently discretionary enterprise." *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).

Accordingly, the United States takes no position on Texas's alternative request for permissive intervention.

**III. The United States would consent to the filing of an amicus brief.**

To the extent that Texas is concerned that the United States will not advance certain arguments, or will not provide the Court with any Texas-specific perspective on these issues, those concerns can be mitigated by the filing of an amicus brief. Accordingly, if Texas's motion to intervene is denied, the United States would consent to the filing of an amicus brief.

Dated: October 31, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI (D.C. Bar No. 995500)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*