**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-03501-SLS |

**NOTICE OF POTENTIAL RELATED CASE**

Plaintiffs' counsel have become aware of arguments raised in another pending case in this District with similarities to the above-captioned matter before this Court. The Local Rules of this Court create an obligation on counsel for parties to immediately inform the Court of related cases. Out of an abundance of caution and to ensure compliance with the Rules, Plaintiffs submit this Notice, although Plaintiffs do not assert in this Notice that the cases are conclusively related, nor do Plaintiffs ask this Court to transfer this matter.

Plaintiffs have conferred with Defendants about this issue, and also include their position (also opposing transfer of this case) below in full.

\*     \*     \*

The Local Rules of this Court define related civil cases, in relevant part, as those that "involve common issues of fact" or "grow out of the same event or transaction." D.D.C. Local Civ. R. 40.5(a)(3)(ii), (iii). The Rules require that "[w]henever an attorney for a party in a civil . . . action becomes aware of the existence of a related case or cases, the attorney shall immediately notify, in writing, the judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties." *Id.* at 40.5(b)(3).

1

The potentially related case at issue is *DNC v. Trump*, No. 25-cv-952-CKK (D.D.C.) ("*DNC*"), currently pending before Judge Kollar-Kotelly. That case challenges various provisions of President Trump's Executive Order No. 14,248, *Preserving and Protecting the Integrity of American Elections*, 90 Fed. Reg. 14005 (Mar. 25, 2025). *See generally* Complaint, *id.* ECF No. 1 (attached as Ex. A).[1] That case has been consolidated with two other cases challenging E.O. 14,248, *LULAC v. Exec. Off. of the President*, 25-cv-946-CKK (D.D.C.) and *League of Women Voters v. Trump*, 25-cv-955-CKK (D.D.C.).[2] Judge Kollar-Kotelly held preliminary injunction proceedings in those consolidated cases earlier this year, and granted a partial preliminary injunction in April. *See LULAC v. EOP*, 780 F. Supp. 3d 135 (D.D.C. 2025).

The complaint in the *DNC* case and the prior preliminary injunction proceedings there challenged actions to implement Executive Order No. 14,248; neither explicitly addressed the changes to the SAVE system that are at issue in this matter. However, Plaintiffs' counsel recently became aware that in partial summary judgment briefing in the *DNC* case that concluded last week,[3] the plaintiffs in that case addressed the overhaul of the SAVE system because the government had relied on E.O. 14,248 as a basis for the overhaul. The *DNC* plaintiffs argue that the overhaul is unlawful under the Privacy Act and Administrative Procedure Act, because the SAVE changes failed to comply with the Privacy Act's procedural and transparency requirements.

---

[1] Plaintiffs are attaching the relevant filings (or excerpts from filings) here to facilitate this Court's review of this Notice.

[2] The *LULAC* case at 25-cv-946 is the lead case and houses the consolidated docket across all three cases.

[3] The consolidated cases have involved multiple phases of summary judgment briefing. Phase 1 concerned the plaintiffs' challenge to Section 2(a) of the executive order, Phase 2 concerns summary judgment as to all claims that may be resolved on purely legal grounds, and a potential Phase 3 may result depending on the resolution of the claims at issue in Phase 2. *See LULAC*, Scheduling Order at 2, ECF No. 141 (June 20, 2025). Phase 2 concluded on October 31. *See id.*, Minute Order (Oct. 8, 2025).

*See DNC* Pls.' Combined Opp'n Defs.' Mot. Summ. J. & Cross Mot. Partial Summ. J. at 41–56, *LULAC*, ECF No. 196-1 (Sep. 17, 2025) ("*DNC* Pls. XMSJ Br.") (excerpt attached as Ex. B).[4]

The government has advanced similar defenses in the *DNC* case as in this case, and included a similar declaration from USCIS in defense of the SAVE overhaul. *See DNC* Defs.' Cross. Mot. Summ. J. Resp. Br. at 12–20, *LULAC*, ECF No. 213 (Oct. 17, 2025) (government opposition brief challenging standing and availability of APA review) (excerpt attached as Ex. C) ("*DNC* Defs. XMSJ Resp. Br."); *id.* ECF No. 213-1 (Broderick Declaration that is substantially similar to the one filed in this case at ECF No. 37-1) (attached as Ex. D). And the plaintiffs' reply brief in the *DNC* case described this case as "a parallel case challenging the SAVE expansion on similar Privacy Act grounds." *DNC* Pls. Reply Br. ISO Pls. XMSJ at 27 n. 17, *LULAC*, ECF No. 220 (Oct. 31, 2025) (excerpt attached as Ex. E).

While the *DNC* case and the instant case arguably involve "common issues of fact" and/or the same underlying "event or transaction," D.D.C. Local Rule 40.5(a)(3)(ii), (iii), there are also some substantial differences between the two cases that may counsel against treating them as related. Plaintiffs in this case advance a range of legal claims against the SAVE system that *DNC* plaintiffs do not: namely, that the overhaul of the SAVE system substantively violates the Privacy Act's prohibition on national data banks or computer matching systems (the *DNC* case focuses only on the Privacy Act's procedural requirements), was arbitrary and capricious, *ultra vires*, and violates the separation of powers. *See*, *e.g.*, Complaint at ¶¶ 208, 221, 229–34, 237–39, *LWV v. DHS*, ECF No. 1 (Sep. 30, 2025).

The scope of the *DNC* case also differs substantially from this case, as the *DNC* case directly challenges and seeks to enjoin parts of E.O. 14,248 (which Plaintiffs in this case do not), including provisions that are entirely unrelated to this case, and that case involves many additional

---

[4] Only the *DNC* Plaintiffs advance this argument; SAVE issues have not been raised or briefed in the consolidated *LULAC* and *League* motions. *See LULAC* Pls. Cross Mot. Summ. J. Br., *LULAC*, ECF No. 194-1 (Sept. 17, 2025).

defendants not party to this case. *DNC* Compl. (Ex. A). Out of an abundance of caution, Plaintiffs highlight both the similarities and differences between the cases.

If this Court decides that this case and the *DNC* case *are* related, it "*may* transfer that case to the Calendar and Case Management Committee for reassignment to the judge having the earlier case." D.D.C. Local Civ. R. 40.5(c)(2) (emphasis added).

Plaintiffs do not believe that transfer of this case at this time would advance the interests courts in this District consider when determining whether to make such a transfer, *see Owens v. Sudan*, No. 01-cv-2244-JDB, 2021 WL 131446 at *3–5 (D.D.C. Jan. 14, 2021) (internal quotation and citation omitted) (considering judicial economy, orderly and efficient dispute resolution, and the potential for undue delay and prejudice to the parties), particularly in light of the differences between the two cases, and the fact that this Court already has before it a fully-briefed and argued motion for an administrative stay pending in this matter.

Plaintiffs have conferred with Defendants about this issue, who also oppose transfer and report their position on this Notice as follows:

> "The burden on the party claiming relation is heavy as random assignment of cases is essential to the public's confidence in an impartial judiciary." *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 119 (D.D.C. 2019). Although there may be some minor overlap between the cases, Defendants do not believe that this case is "related" to *DNC v. Trump*, 25-cv-952 (D.D.C.), or the cases consolidated with it, within the meaning of Local Rule 40.5(a)(3). Regardless, if it were related, Plaintiffs should have indicated as much on their civil cover sheet, per Local Rule 40.5(b)(2). Having failed to do so—and now, after this Court has invested significant time and attention to these proceedings, on a time-sensitive basis, at Plaintiffs' request—the Court should exercise its discretion under Local Rule 40.5(c)(2)-(3) not to transfer this case. The proceedings in the consolidated cases are far more advanced (with the parties having briefed cross-motions for summary judgment, and the court entering summary judgment on some claims), while the government has not yet even responded to the complaint in the later-filed case now before this Court. Under these circumstances, Defendants do "not foresee a significant savings of judicial resources

4

in" transferring this case now, *Trump v. Comm. on Ways & Means, U.S. House of Representatives*, 391 F. Supp. 3d 93, 97 (D.D.C. 2019), particularly given the minimal overlap.

Dated: November 6, 2025

/s/ *Aman T. George*

Aman T. George (D.C. Bar No. 1028446)
Jennifer Fountain Connolly (D.C. Bar No. 1019148)
Johanna M. Hickman (D.C. Bar No. 981770)
Mark B. Samburg (D.C. Bar No. 1018533)
Robin Thurston (D.C. Bar No. 1531399)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
ageorge@democracyforward.org
jconnolly@democracyforward.org
hhickman@democracyforward.org
msamburg@democracyforward.org
rthurston@democracyforward.org

Nikhel S. Sus (D.C. Bar No. 1017937)
John B. Hill (N.Y. Bar No. 5505508)*
Lauren C. Bingham (Fl. Bar No. 105745)*
Yoseph T. Desta (D.C. Bar No. 90002042)
CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, D.C. 20044
(202) 408-5565
nsus@citizensforethics.org
jhill@citizensforethics.org
lbingham@citizensforethics.org
ydesta@citizensforethics.org

Respectfully submitted,

Jon Sherman (D.C. Bar No. 998271)*
Michelle Kanter Cohen (D.C. Bar No. 989164)
Emily Davis (D.C. Bar No. 90020129)
FAIR ELECTIONS CENTER
1825 K St. NW, Suite 701
Washington, DC 20006
(202) 331-0114
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
edavis@fairelectionscenter.org

*admitted *pro hac vice*

*Counsel for All Plaintiffs*

John L. Davisson (D.C. Bar No. 1531914)
Enid Zhou (D.C. Bar No. 1632392)
Abigail Kunkler (D.C. Bar No. 90030868)
ELECTRONIC PRIVACY
INFORMATION CENTER
1519 New Hampshire Ave NW
Washington, D.C. 20036
Telephone: 202-483-1140
Fax: 202-483-1248
davisson@epic.org
zhou@epic.org
kunkler@epic.org

*Counsel for Plaintiff Electronic Privacy Information Center*