UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Case No. 25-cv-03501-SLS |

**SUPPLEMENTAL DECLARATION OF CELINA STEWART**

I, Celina W. Stewart, Esq., pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the Chief Executive Officer of the League of Women Voters ("LWV"). I succeeded to this position in August 2024. I have been employed by the League of Women Voters of the United States since 2018.

2. I previously submitted a declaration in this matter, describing the harms that LWV faces from Defendants' actions to transform the U.S. Citizenship and Immigration Services' Systematic Alien Verification for Entitlements ("SAVE") system into a searchable national citizenship data system for conducting mass "voter verification" checks. *See* ECF No. 16-5.

3. I submit this supplemental declaration, which incorporates my prior declaration by reference, to describe additional harm that LWV faces.

4. It is my understanding that the overhauled SAVE system now draws on Social Security Administration ("SSA") systems of records, and its incomplete and unreliable citizenship data—which, from publicly available information, I understand is particularly unreliable for naturalized and derived citizens—and that the overhauled system allows local, state, and federal

user agencies to run bulk searches of the citizenship or immigration status of many thousands of individuals.

5. It is also my understanding that the Department of Homeland Security ("DHS") and SSA both issued Systems of Records Notices regarding the SAVE overhaul.[1]

6. LWV, alongside the Texas, Louisiana, and Virginia Leagues of Women Voters, timely submitted SORN comments to both DHS and SSA, on November 26, 2025, and December 12, 2025, respectively.[2]

7. In its SORN comments, LWV extensively discussed the litany of reasons why Defendants' SAVE overhaul (1) harms our interests and mission; (2) was undertaken with a SORN and SORN comment period that were untimely and woefully insufficient; (3) lacks any statutory or constitutional authority; (4) utilizes SSA citizenship data that is unreliable, cannot be easily linked to DHS data, and will lead to wrongfully targeting naturalized citizens, barriers to voting, and unlawful purging as Defendants push state and local election officials to use the system without mitigating against known risks to voters; (5) rests on a debunked and harmful myth of widespread noncitizen voting; and (6) involves a new routine use for disclosure of SAVE records that violates the Privacy Act's compatibility requirement by authorizing the mass repurposing of millions of Americans' protected data in ways fundamentally incompatible with the reasons for which that data was collected.

---

[1] *See* 90 Fed. Reg. 48948; 90 Fed. Reg. 50879.

[2] Comment to DHS by League of Women Voters, the League of Women Voters of Louisiana, the League of Women Voters of Virginia, and the League of Women Voters of Texas at 7-9 (Nov. 26, 2025), https://tinyurl.com/3hx8auzb [hereinafter LWV DHS Comment], and Comment to SSA by League of Women Voters, the League of Women Voters of Louisiana, the League of Women Voters of Virginia, and the League of Women Voters of Texas, at 4, 11-17 (Dec. 12, 2026), https://tinyurl.com/yc6wm2rj.

8. My understanding from publicly available information is that Defendants did not, and could not possibly, properly consider LWV's SORN comments because they overhauled the SAVE system in May 2025,[3] published the DHS and SSA SORNs and accepted comments on them from LWV and others in October and November 2025,[4] and throughout this period, continued to operate the overhauled SAVE system which still operates in its overhauled state today. In other words, Defendants decided to overhaul SAVE and engaged in the SORN comment process as an afterthought; they predetermined they would overhaul SAVE and did so despite any SORN comments.

9. As a result, Defendants wrongly disregarded LWV's SORN comments. They did not properly consider them as part of the required SORN process, since they overhauled SAVE before undertaking that process and continued their operation of the overhauled system during and after the SORN processes and LWV submitted its SORN comment.

10. The deprivation of LWV's ability to have our SORN comments properly considered has harmed the organization for all the reasons discussed in our comment, and for all the reasons discussed in the declarations of LWVTX and LWVLA Leagues and their members, who are also members of LWV.

11. If Defendants had properly considered LWV's comments (and, for that matter, the comments of the range of other groups and individuals who pointed out the same or similar issues), they would not, reasonably, have undertaken the SAVE overhaul as they have done and, in turn, harmed the voting rights and privacy rights of LWV members and the voting populations LWV serves.

---

[3] *See, e.g.*, Press Release, USCIS, *USCIS Deploys Common Sense Tools to Verify Voters* (May 22, 2025), https://perma.cc/HBZ5-RW2E

[4] *See* 90 Fed. Reg. 48948; 90 Fed. Reg. 50879.

4

I declare under penalty of perjury as prescribed in 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on March 10, 2026, in Washington, D.C.

_____
Celina W. Stewart, Esq.

4