**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS, *et al.,* | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Case No. 25-cv-3501-SLS |
| | § | |
| U.S. DEPARTMENT OF HOMELAND | § | |
| SECURITY, *et al.,* | § | |
| *Defendants.* | § | |
| | § | |

---

**UNOPPOSED MOTION BY THE TEXAS CIVIL RIGHTS PROJECT ("TCRP")**
**FOR LEAVE TO FILE AMICUS BRIEF**
**IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

*Amicus curiae* the Texas Civil Rights Project ("TCRP") respectfully moves for leave to file an amicus brief in support of Plaintiffs' motion for summary judgment in the above-captioned case. TCRP has an acute interest and unique knowledge of the issues raised in this litigation. That interest and knowledge stems from the organization's longstanding work protecting voting rights in the state of Texas, including litigation protecting individual Texas voters' access to the ballot, education on voter rights, and comments submitted to state and federal agencies involved in election administration and oversight of voter rolls.

District Courts have "broad discretion" in deciding whether to grant leave to participate as *amici*. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). Participation by *amici* is generally allowed when "the information offered is 'timely and useful.'" *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996). Courts customarily allow third parties to participate as *amici curiae* if they have "relevant expertise and a

stated concern for the issues at stake in [the] case[.]" *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011).

In particular, the proposed amicus brief would serve the critical function of providing information and context to the Court regarding (1) TCRP's prior comments submitted to Defendants warning of issues at the heart of this litigation; (2) the on-the-ground consequences of Defendants' actions in the state of Texas; and (3) other important and ongoing aspects of the problem as it pertains to millions of Texas voters, including the perspectives of voters and advocates who have reached out to TCRP to express concern about Defendants' actions.

Pursuant to Local Civil Rule 7(o), TCRP conferred with the parties via email about their position on TCRP filing this brief. The parties are unopposed. For those reasons, TCRP respectfully requests that the Court grant them leave to file the proposed amicus brief attached hereto as Exhibit 1, as set forth in the accompanying proposed order.[1]

Dated this 24th day of March, 2026.

Respectfully submitted,

*/s/ Nina L.M. Oishi*
**Nina L.M. Oishi**

**TEXAS CIVIL RIGHTS PROJECT**
**Nina L.M. Oishi**
TX Bar No. 24142250
D.D.C. Bar ID: TX0085
**Karla Maradiaga**
TX Bar No. 24126746
*Pro hac vice forthcoming*

---

[1]    In accordance with Local Civil Rule 7(o)(5), TCRP certifies that (1) the attached brief was authored entirely by counsel for the amicus curiae and not by counsel for any party, in whole or in part; (2) no party or counsel for any party contributed money to fund preparing or submitting the attached brief; and (3) apart from amicus curiae, its members, and its counsel, no other person contributed money to fund preparing or submitting the attached brief.

P.O. Box 1108
Houston, Texas 77251-1108
Telephone: (512) 474-5073
Fax: (512) 474-0726
noishi@texascivilrightsproject.org
kmaradiaga@texascivilrightsproject.org

**ATTORNEYS FOR** *AMICUS CURIAE*

## CERTIFICATE OF SERVICE

I certify that on March 24, 2026, the foregoing was filed electronically with the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Respectfully submitted,

*/s/ Nina L.M. Oishi*
**Nina L.M. Oishi**

4

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7(o), I hereby certify that this brief conforms to the requirements of Local Civil Rule 5.4, complies with the requirements set forth in Federal Rule of Appellate Procedure 29(a)(4), and does not exceed 25 pages in length.

Respectfully submitted,

*/s/ Nina L.M. Oishi*
**Nina L.M. Oishi**