**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LEAGUE OF WOMEN VOTERS, *et al.*,

     *Plaintiffs*,

  v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

     *Defendants*.

Civil Action No. 25 - 3501 (SLS)

Judge Sparkle L. Sooknanan

## ORDER

This action challenges the Federal Defendants' "recent overhaul of the Systematic Alien Verification for Entitlements (SAVE) system, which is used by the Department of Homeland Security (DHS) to respond to requests from state and local authorities to verify citizenship and immigration status." *League of Women Voters v. DHS*, No. 25-cv-3501, 2025 WL 3198970, at *1 (D.D.C. Nov. 17, 2025).[1] The State of Texas, which uses the SAVE system for citizenship verification, now moves to intervene as a Defendant. Mot. 1, ECF No. 43; Reply, ECF No. 52. The existing parties oppose intervention. Pls.' Opp'n, ECF No. 49; Defs.' Opp'n, ECF No. 50. For the reasons below, the Court grants Texas' motion under Federal Rule of Civil Procedure 24(a).[2]

Federal Rule of Civil Procedure 24(a) governs intervention as a matter of right. It requires a court "[o]n timely motion" to "permit anyone to intervene who . . . claims an interest relating to

---

[1] The Federal Defendants include the Department of Homeland Security, the Social Security Administration, and various federal officers leading those agencies. *See* Am. Compl., ECF No. 61.

[2] Because the Court grants intervention as of right under Federal Rule of Civil Procedure 24(a), it does not address Texas' alternative request for permissive intervention under Federal Rule of Civil Procedure 24(b). *See* Mot. 16; *Am. Farm Bureau Fed'n v. United States Fish & Wildlife Serv.*, No. 25-cv-947, 2025 WL 2576313, at *3 (D.D.C. Sep. 5, 2025).

the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). To satisfy this standard, a movant must (1) have "submitted a timely application to intervene," (2) "have an interest relating to the property or transaction which is the subject of the action," (3) be "so situated that the disposition of the action may, as a practical matter, impair or impede [their] ability to protect that interest," and (4) "have an interest that the existing parties would not adequately represent." *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1146 (D.C. Cir. 2009) (alteration in original). Texas satisfies all four factors.

### A.    Timeliness

Texas' motion is timely. To determine timeliness under Rule 24, the Court considers the "time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." *Campaign Legal Ctr. v. FEC,* 68 F.4th 607, 610 (D.C. Cir. 2023) (quoting *Karsner v. Lothian*, 532 F.3d 876, 886 (D.C. Cir. 2008)). Here, Texas sought intervention less than a month after this case was filed and prior to this Court's ruling on the Plaintiff's emergency stay motion, which is well within the period that courts consider timely under Rule 24(a). *See, e.g.*, *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998) ("As to timeliness, [the movant] sought to intervene a few weeks after [the plaintiff] initiated its action, and before the district court ruled on the preliminary injunction; this cannot be regarded as untimely."). Such a prompt intervention reflects that Texas diligently asserted preservation of its rights. And at this early stage, intervention is unlikely to prejudice the existing parties. Thus, this factor favors intervention.

### B.    Interests in this Action

Texas' "claim[ed] . . . interest" justifies intervention as well. Fed. R. Civ. P. 24(a). A movant must assert "a significantly protectable interest" in the current litigation to intervene as of right. *Donaldson v. United States*, 400 U.S. 517, 531 (1971). The D.C. Circuit has offered different tests for whether an interest suffices. *Compare Smuck v. Hobson*, 408 F.2d 175, 178–79 (D.C. Cir. 1969) (en banc) (plurality opinion) (stating that an intervenor need not have a "legally protectable interest" but rather a court must balance "involving as many apparently concerned persons" as possible in the litigation with considerations of judicial economy, "efficiency and due process" (cleaned up)), *with City of Cleveland v. NRC*, 17 F.3d 1515, 1517 (D.C. Cir. 1994) (holding that an intervenor must have "a legally protectable" interest, which means that an intervenor must "have Article III standing to participate in proceedings" (cleaned up)), *with Institutional S'holder Servs. v. SEC,* 142 F.4th 757, 764 n.3 (D.C. Cir. 2025) (noting that an intervenor "seek[ing] the same relief sought by at least one existing party" need not show Article III standing), *with IGas Holdings, Inc. v. EPA*, 146 F.4th 1126, 1135 n.2 (D.C. Cir. 2025) (holding that "Article III standing is a prerequisite to intervention, even as a respondent"). Regardless of the contours of the test, a movant clearly has a sufficient interest if it "would suffer harm from an adverse decision on the merits." *Alaska v. FERC*, 980 F.2d 761, 763 (D.C. Cir. 1992). That is the case here.

Among their claims, the Plaintiffs challenge the agreements between the Federal Defendants and Texas permitting Texas to "run [its] entire voter rolls through SAVE with its new bulk-upload and search-by-SSN features" and to "require individuals whom SAVE identifies as potential non-citizens to provide" proof of citizenship to enforce that state's voter eligibility laws. *See* Summ. J. Mot. 24–25, ECF No. 66-1. As the Plaintiffs readily admit, "[a]bsent [the Federal] Defendants' [challenged] actions, [states like Texas] would not have lawful access to the data . . .

to perform citizenship checks en masse," *id.* at 25, and their requested relief would require "terminat[ion of] all [agreements with these states] for [the] overhauled SAVE," *id.* at 49. Meanwhile, Texas claims that it uses the data that it receives from DHS under these SAVE agreements to maintain its statewide computerized voter registration list, Tex. Elec. Code § 18.061, in order to regularly maintain voter rolls and ensure eligibility of existing voters under Texas law, *id.* § 18.068. *See* Adkins Decl. ¶¶ 2–3, ECF No. 43-2.

Thus, the Plaintiffs' requested relief puts at risk Texas' claimed interests in the use of SAVE data to enforce its own election law. "Potential impairment" of bargained-for obligations "can create an injury in fact" that is sufficient for purposes of Rule 24(a). *See Children's Health Def. v. FCC,* 25 F.4th 1045, 1049 (D.C. Cir. 2022) (holding that such an injury is sufficient for standing); *see also Am. Farm Bureau Fed'n v. United States Fish & Wildlife Serv.*, No. 25-cv-947, 2025 WL 2576313, at *3 (D.D.C. Sep. 5, 2025) (noting that a concrete injury sufficient to support Article III standing always satisfies the interest prong). And "[a] State 'clearly has a legitimate interest in the continued'" enforcement of its law. *Cf. Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 277 (2022) (quoting *Maine v. Taylor*, 477 U.S. 131, 137 (1986)). Simply put, a favorable or unfavorable decision in this case may "harm" Texas' claimed interests. *See Alaska*, 980 F.2d at 763. Accordingly, Texas has interests sufficient for intervention as of right.

## C.    Impairment of Interests

An adverse ruling in this action may also "as a practical matter impair or impede [Texas'] ability to protect its interest." Fed. R. Civ. P. 24(a)(2). Courts look to "the 'practical consequences' of denying intervention" to determine whether the impairment factor is satisfied. *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (quoting *NRDC v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977)). This prong is easily met here because it would be "difficult and

burdensome" for Texas to "reestablish[] the status quo" prior to this action should this Court issue a favorable ruling for the Plaintiffs. *Id.* Indeed, if this Court sides with the Plaintiffs and rules that the Federal Defendants lack the statutory authority to share the relevant data, Texas would no longer be able to use the data to enforce its own election law. *See* Reply 12 ("If the Court were to order the SAVE system reverted to its pre-upgrade status, Texas would be unable to perform this work going forward."). Indeed, not only would it be "burdensome" for Texas to continue to access the challenged data should the Plaintiffs prevail, but it would be unlawful for Texas to receive such information going forward. *See Norton*, 322 F.3d at 735. There is no question, then, that Texas' interests "might be practically disadvantaged by the disposition of the action." Charles Alan Wright & Arthur R. Miller, 7C Fed. Prac. & Proc. Civ. § 1908.2 (3d ed. Sep. 2025 Update).

### D.    Adequate Representation

Finally, the existing Parties may not adequately represent Texas' interests. A party may intervene as of right if the existing representation "may" be inadequate, Fed. R. Civ. P. 24(a)(2)—an inquiry that the D.C. Circuit has described as "not onerous" and involving a "minimal" showing. *Norton*, 322 F.3d at 735. The parties "opposing intervention" bear "the burden . . . to show that representation for the absentee will be adequate." *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980).

Both the Federal Defendants and the Plaintiffs argue that Texas' interests are adequately represented in this case because they share the same objective as the Federal Defendants—namely, an adverse ruling against the Plaintiffs. Defs.' Opp'n 3; Pls.' Opp'n 12. But "interests need not be wholly 'adverse' before there is a basis for concluding that existing representation . . . may be inadequate." *Norton*, 322 F.3d at 737 (quoting *Nuesse v. Camp*, 385 F.2d 694, 703 (D.C. Cir. 1967)). Neither "a shared general agreement" nor a "tactical similarity of the present legal

contentions" is enough alone to "assure adequacy of representation." *Id.* (first quoting *Costle*, 561 F.2d at 912, and then quoting *Nuesse*, 385 F.2d at 703). An existing party may be an inadequate representative merely because its interests are meaningfully "different without being adverse." *Nuesse*, 385 F.2d at 703

Here, the Federal Defendants' interests "may" diverge from that of Texas throughout the course of this litigation. Fed. R. Civ. P. 24(a)(2). The D.C. Circuit has "often concluded that [federal] governmental entities do not adequately represent the interests of aspiring intervenors," *Norton*, 322 F.3d at 736, largely "because the federal government's obligation is to represent the interests of the American people as expressed in federal law, not the interests of other entities or governments," *Virginia v. Ferriero*, 466 F. Supp. 3d 253, 258 (D.D.C. 2020) (cleaned up). Indeed, the Federal Defendants' interests "might diverge" from those of Texas "during the course of th[is] litigation" since the "the federal government 'remains free to change' its strategy" as the interests of the American people change over time. *Id.* (first quoting *Norton*, 322 F.3d at 736, and then quoting *100Reporters LLC v. DOJ*, 307 F.R.D. 269, 280 (D.D.C. 2014)). This alone suggests that Texas is not adequately represented in this action.

Further, the Federal Defendants and Texas are engaged in ongoing litigation over the SAVE program in the Western District of Texas, which strongly suggests that their interests are not completely aligned. *See Am. Farm Bureau Fed'n*, 2025 WL 2576313, at *5. Although the Federal Defendants have moved to dismiss those proceedings on the grounds that they have adequately addressed Texas' concerns, Texas disputes that assertion. *See* Defs.' Mot Dismiss, ECF No. 12, Texas Resp. Mot. Dismiss, ECF No. 15, *Att'y Gen. of Texas v. Mayorkas*, No. 24-cv-49 (W.D. Texas). And in these circumstances, "all reasonable doubts should be resolved in favor of

allowing the absentee . . . to intervene." Charles A. Wright and Arthur R. Miller, 7C Fed. Prac. & Proc. Civ. § 1909 (3d ed. Sep. 2025 Update).

At bottom, Texas "may" not be adequately represented throughout the course of these proceedings, Fed. R. Civ. P. 24(a), and neither the Federal Defendants nor the Plaintiffs show otherwise, *see Am. Tel. & Tel.*, 642 F.2d at 1293. Thus, this factor too favors intervention. "The mere fact that other defendants might hypothetically take [an absent party's] interests into account when shaping their arguments does not mean that they would afford the same primacy to [that absent party's] interests." *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010).

\* \* \*

Because all factors favor intervention, the Court grants Texas' Motion to Intervene, ECF No. 43. Texas has indicated an intent to file a motion to dismiss upon intervening. *See* ECF No. 43-1. Since then, the Plaintiffs have amended the operative complaint. *See* Am. Compl., ECF No. 61. The Court thus ORDERS the Parties to comply with the following briefing schedule. Texas shall file an answer or otherwise respond to the Amended Complaint, ECF No. 61, by April 22, 2026. Should Texas file a dispositive motion, the Plaintiffs shall file an opposition by May 8, 2026. Texas shall file a reply by May 18, 2026.

**SO ORDERED**

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:    April 6, 2026

7