**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LEAGUE OF WOMEN VOTERS, *et al.*,

     Plaintiffs,

     v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

     Defendants.

Case No. 25-cv-3501-SLS

**NOTICE**

Plaintiffs respectfully notify the Court that on June 5, 2026, in *DSCC v. Trump*, No. 26-cv-01114-CJN (D.D.C.), the United States Citizenship and Immigration Services ("USCIS") and the other federal defendants filed the attached Notice, Ex. A (the "Implementation Notice"), describing steps the Department of Homeland Security ("DHS") is taking "regarding implementation of" Executive Order 14399, *Ensuring Citizenship Verification and Integrity in Federal Elections*, 91 Fed. Reg. 17125 (the "Second Elections EO"), "including the creation of State Citizenship Lists as contemplated in § 2 of" the Second Elections EO. Ex. A.

The Implementation Notice describes two ways in which DHS is implementing the Second Elections EO. *See id.*

***First***, DHS and USCIS are adopting a "two-part course of action." *Id.* "The first part is ***implementation of a SAVE-based State Voter Roll Verification***, whereby state election officials can submit their entire voter roll records to the USCIS Systematic Alien Verification for Entitlements program (SAVE) system for verification." *Id.* (emphasis added). "The second part is implementation of a registry whereby state election officials would securely access ***citizenship-related data from USCIS, Social Security Administration, and the Department of***

***State for voter citizenship verification***, but where the underlying data would remain in each agency's respective system." *Id.* (emphasis added). The Implementation Notice does not explain how these parts will differ in operation from or expand upon overhauled SAVE, nor does it provide any further implementation details. However, it is clear that both parts implementing the Second Elections EO will draw on the unreliable citizenship data contained in the illegally overhauled SAVE system that is at the center of this litigation, and, according to the Implementation Notice, "[b]oth parts are proposed to be operational by June 30, 2026." *Id.*

***Second***, DHS is working with the United States Postal Service ("USPS") "to integrate USPS datasets from Mail-In and Absentee Ballot Participation Lists, once available, and in compliance with applicable law, the Privacy Act, SORNS, PIAs, and interagency agreements, to monitor mail-in and absentee ballot flows, identify anomalies that may suggest voter fraud or misuse, and generate authorized investigative leads." *Id.* According to USCIS's online "SAVE Agency Search Tool," USPS's U.S. Postal Inspection Service is a SAVE user agency for "background investigation" purposes.[1] It remains unclear—from the Implementation Notice or otherwise—what specific legal authority either the USPS or DHS have to share, consolidate, and use data in this way.

Plaintiffs previously notified the Court about the Second Elections EO. *See* ECF 85. And as Plaintiffs wrote in their combined reply in support of their motion for summary judgment and opposition to Defendants' dispositive motion, even before DHS and USCIS began implementing the Second Elections EO, the EO itself confirmed (1) "that overhauled SAVE is at the center of the Administration's ongoing, unlawful efforts to nationalize election administration" and (2) "that expeditious resolution of this case is essential to prevent irreparable harm and protect Americans' voting and privacy rights ahead of this year's elections." ECF No. 99 at 1. The

---

[1] https://tinyurl.com/yukmwcz3.

Implementation Notice demonstrates the way overhauled SAVE's unreliable citizenship data and the resultant burdens on voting and systemic violations of citizens' statutory privacy rights will likely proliferate and impact voters in every state, rather than just those states with SAVE Memoranda of Agreement with DHS and USCIS.

Dated: June 8, 2026

Respectfully submitted,

/s/ Nikhel S. Sus
Nikhel S. Sus (D.C. Bar No. 1017937)
John B. Hill (N.Y. Bar No. 5505508)*
Lauren C. Bingham (D.C. Bar No. 90043462)
CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, D.C. 20044
(202) 408-5565
nsus@citizensforethics.org
jhill@citizensforethics.org
lbingham@citizensforethics.org

Aman T. George (D.C. Bar No. 1028446)
Jennifer Fountain Connolly (D.C. Bar No. 1019148)
Johanna M. Hickman (D.C. Bar No. 981770)
Mark B. Samburg (D.C. Bar No. 1018533)
Robin Thurston (D.C. Bar No. 1531399)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
ageorge@democracyforward.org
jconnolly@democracyforward.org
hhickman@democracyforward.org
msamburg@democracyforward.org
rthurston@democracyforward.org

*Counsel for All Plaintiffs*

Jon Sherman (D.C. Bar No. 998271)*
Michelle Kanter Cohen (D.C. Bar No. 989164)
Emily Davis (D.C. Bar No. 90020129)
FAIR ELECTIONS CENTER
1825 K St. NW, Suite 701
Washington, DC 20006
(202) 331-0114
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
edavis@fairelectionscenter.org

*Counsel for All Plaintiffs*

John L. Davisson (D.C. Bar No. 1531914)
Enid Zhou (D.C. Bar No. 1632392)
Abigail Kunkler (D.C. Bar No. 90030868)
Mayu Tobin-Miyaji (D.C. Bar No. 90033340)
ELECTRONIC PRIVACY
INFORMATION CENTER
1519 New Hampshire Ave NW
Washington, D.C. 20036
Telephone: 202-483-1140
Fax: 202-483-1248
davisson@epic.org
zhou@epic.org
kunkler@epic.org

*Counsel for Plaintiff Electronic Privacy Information Center*

* admitted pro hac vice

3