# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LEAGUE OF WOMEN VOTERS, *et al.*,

     *Plaintiffs,*

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

     *Defendants.*

Case No. 1:25-cv-03501-SLS

**MOTION OF ARIZONA SENATE PRESIDENT WARREN PETERSEN AND ARIZONA
SPEAKER OF THE HOUSE OF REPRESENTATIVES STEVE MONTENEGRO FOR
LEAVE TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF DEFENDANTS'
MOTION FOR STAY PENDING APPEAL**

S. Lee Whitesell (TX Bar No. 24093356)
Fusion Law, PLLC
7600 N. 15th St., Suite 150
Phoenix, AZ. 85020
(480) 624-5648
slw@fusion.law

*Counsel for Proposed Amici Curiae*

Proposed Amici Curiae Warren Petersen—in his capacity as President of the Arizona Senate—and Steve Montenegro—in his capacity as Speaker of the Arizona House of Representatives (together, the "Legislative Leaders")—respectfully request leave of the Court to file a brief amici curiae in support of Defendants' Motion for a Stay Pending Appeal. The Legislative Leaders file this brief in their official capacities as the presiding officers of their respective chambers. *See* Ariz. Const. art. IV, pt. 2, § 8; Ariz. State Senate Rule 2(N); Ariz. House of Reps. Rule 4(K).

The Legislative Leaders' interests here are twofold. First, the Legislative Leaders have an interest in maintaining public confidence in Arizona's elections. This interest includes ensuring that federalism functions properly and that federal courts fully understand the intersection of state election law and federal law. As their voters' representatives, state legislators like the Legislative Leaders devote significant time and resources to proposing, revising, and enacting election-related legislation to guide state officials as they endeavor to run fair and smooth elections. When those laws and related processes are upended, voter confidence is shaken, and the States' interests in maintaining that confidence is frustrated.

Second, the Legislative Leaders also have an interest in avoiding changes to election processes during election season. Like many States, Arizona has incorporated the federal Systematic Alien Verification for Entitlements (SAVE) system into various aspects of its election-related laws, as well as into other areas of law. *See, e.g.*, Ariz. Rev. Stat. § 16-121.01(D) (requiring election officials to use SAVE for certain voter registration procedures), *distinct but related provisions held invalid by Mi Familia Vota v. Fontes*, 129 F.4th 691, 732 (9th Cir. 2025), *cert. granted sub nom. Republican Nat'l Comm. v. Mi Familia Vota*, No. 25-1017 (U.S. June 29, 2026); *see also* Ariz. Rev. Stat. § 1-504 (statute requiring local officials to use SAVE for benefit inquiries

1

that was adopted by majority of state voters after legislative referral). And some Arizona election officials have contracted with DHS regarding SAVE's updated features that are the subject of this case.[1] Currently, Arizona is deep in the throes of its primary election, with early voting having already begun. Arizona election officials are focused on ensuring that the elections run smoothly. Making changes to an important election-integrity system at this late stage in the election season creates unnecessary confusion for election officials and the public.

The Legislative Leaders provide a perspective that is unique from the existing parties. The Legislative Leaders have each led their respective state legislative chambers through multiple legislative sessions, which included enacting many election-related legislative measures. At the same time, the Legislative Leaders have experienced first-hand the effects of state election laws and processes being enjoined, especially close to an election. They have also talked to countless voters regarding their concerns about election integrity. These experiences provide a perspective that is different from that of the current parties, and these experiences allow the Legislative Leaders to speak to how the public interest favors granting Defendants' Motion for Stay Pending Appeal.

Pursuant to Local Rule 7(o)(2), the Legislative Leaders' counsel contacted counsel for Plaintiffs, Defendants, and Intervenor regarding their position on the filing of this brief. On Saturday, July 4, at 8:13 PM eastern time, Plaintiffs' counsel wrote back that they "do not oppose an amicus brief filed by 11:59pm ET on July 5." Because counsel for Defendants and Intervenor did not respond with their position before midnight on Sunday, the Legislative Leaders' counsel

---

[1] *See, e.g.*, Joseph K. Giddens, *Yavapai County Board of Supervisors vote 4-1 to verify voter data with DHS*, Sedona Red Rock News (Mar. 13, 2026), https://www.redrocknews.com/2026/03/13/yavapai-county-board-of-supervisors-vote-4-1-to-verify-voter-data-with-dhs/; Manuelita Beck, *Maricopa County signed agreement with DHS to check voters' citizenship, documents show*, ABC 15 (May 13, 2026, at 8:22 MST), https://www.abc15.com/news/politics/maricopa-county-signed-agreement-with-dhs-to-check-voters-citizenship-documents-show.

asked whether Plaintiffs' counsel would consent to the filing of the brief today. Plaintiffs' counsel responded that this motion should "represent Plaintiffs' position as relayed in [the July 4] email."

Defendants and Intervenor do not oppose the filing of this brief.

Date: July 6, 2026

Respectfully submitted,

/s/ *S. Lee Whitesell*

S. Lee Whitesell (TX Bar No. 24093356)
Fusion Law, PLLC
7600 N. 15th St., Suite 150
Phoenix, AZ. 85020
(480) 624-5648
slw@fusion.law

*Counsel for Proposed Amicus Curiae*