**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LEAGUE OF WOMEN VOTERS, *et al.*,<br><br>        Plaintiffs<br><br>        v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY, *et al.*,<br><br>        Defendants. | Case No. 25-cv-3501-SLS |

**DECLARATION OF AMAN T. GEORGE**

I, Aman T. George, declare as follows:

1.      I am a counsel of record for Plaintiffs in the above-captioned case. I submit this declaration in support of Plaintiffs' opposition to Defendants' motion to stay pending appeal.

2.      Attached as Attachment 1 to this declaration is a true and correct copy of recent email correspondence exchanged between counsel for the parties in the above-captioned case.

3.      I am over eighteen years of age, of sound mind, and competent to make this declaration. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 6, 2026

                                                                */s/ Aman T. George*

                                                                Aman Tewari George

# ATTACHMENT 1

DEMOCRACY
FORWARD ➤

**Aman George <ageorge@democracyforward.org>**

## LWV v. DHS, 25-cv-3501-SLS (DDC)

**Nikhel Sus** <nsus@citizensforethics.org>                    Wed, Jul 1, 2026 at 11:31 AM
To: "Azrak, Cesar E (CIV)" <Cesar.E.Azrak@usdoj.gov>
Cc: "Pezzi, Stephen (CIV)" <Stephen.Pezzi@usdoj.gov>, John Hill <jhill@citizensforethics.org>, Aman George
<ageorge@democracyforward.org>, Lauren Bingham <lbingham@citizensforethics.org>, Hanna Hickman
<hhickman@democracyforward.org>, Mark Samburg <msamburg@democracyforward.org>, Jon Sherman
<jsherman@fairelectionscenter.org>, Michelle Kanter Cohen <mkantercohen@fairelectionscenter.org>, Emily Davis
<edavis@fairelectionscenter.org>, "rfein@democracyforward.org" <rfein@democracyforward.org>, Will Wassdorf
<will.wassdorf@oag.texas.gov>

Thanks, Cesar. A few responses:

1. Plaintiffs oppose the stay motion.

2. While we appreciate the additional information provided below, DHS still has not clarified what actions it has taken, if
any, to implement the June 22 order's vacatur of DHS's October 2025 modified SORN for the SAVE system. You noted
that SSA has removed its vacated November 2025 SORN from its webpage, but have described no similar efforts by DHS
with respect to its October 2025 SORN. As I explained below, this is significant because the DHS SORN established new
routine uses that purport to broadly authorize inter-agency disclosures, including but not limited to those relating to SAVE.
So long as that SORN remains in place, DHS is not in compliance with the plain terms of the Court's June 22 order. So I
will ask again: please describe all efforts DHS has taken, if any, to implement and communicate within the agency the
Court's vacatur of DHS's October 2025 modified SORN for SAVE. Plaintiffs reserve our rights to seek appropriate relief for
non-compliance with this and other aspects of the Court's June 22 order.

Nik

On Wed, Jul 1, 2026 at 9:50 AM Azrak, Cesar E (CIV) <Cesar.E.Azrak@usdoj.gov> wrote:

> Nik and team,
>
> Thanks for your patience.  I have been informed that, from the SSA side, the connection used for the data-sharing from
> SSA systems to SAVE has been suspended, and that the vacated SORN's Federal Register notice has been removed
> from SSA's webpage for SORNs.  And from the DHS side, I have been informed that the ability to search by U.S.
> passport number or driver's license number was never implemented in SAVE in the first place; that the ability to search
> by full or partial SSN (including in bulk) has been disabled; and that users cannot initiate a SAVE search for a natural-
> born citizen now that the ability to search by SSN has been disabled.
>
> Further—and with apologies for the short notice—I want to flag for you, pursuant to Local Civil Rule 7(m), that later
> today, we intend to seek a stay of the Court's vacatur order pending the resolution of Defendants' ongoing appeal of
> that order.  Will you oppose our motion?  If you would kindly let me know as soon as you can, we'll report your position
> in our papers.
>
> Thanks,
>
> Cesar
>
> —
>
> **Cesar E. Azrak**
>
> Trial Attorney

Democracy Forward Mail - LWV v. DHS, 25-cv-3500/3501 (DDC)

United States Department of Justice

Civil Division, Federal Programs Branch

cesar.e.azrak@usdoj.gov

Office: (202) 305-0693

Cell: (202) 538-3491

---

**From:** Azrak, Cesar E (CIV)
**Sent:** Monday, June 29, 2026 5:35 PM
**To:** 'Nikhel Sus' <nsus@citizensforethics.org>; Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>
**Cc:** John Hill <jhill@citizensforethics.org>; Aman George <ageorge@democracyforward.org>; Lauren Bingham <lbingham@citizensforethics.org>; Hanna Hickman <hhickman@democracyforward.org>; Mark Samburg <msamburg@democracyforward.org>; Jon Sherman <jsherman@fairelectionscenter.org>; Michelle Kanter Cohen <mkantercohen@fairelectionscenter.org>; Emily Davis <edavis@fairelectionscenter.org>; rfein@democracyforward.org; Will Wassdorf <will.wassdorf@oag.texas.gov>
**Subject:** RE: [EXTERNAL] LWV v. DHS, 25-cv-3501-SLS (DDC)

Hi Nik,

Nice to meet you.  I'm Cesar Azrak, a colleague of Steve's covering this case for the week in his absence.  I'm still getting up to speed on the various issues here, and I've reached out to our clients on their compliance efforts, but I'm not in a position to provide answers regarding compliance by today.  I'll endeavor to share responses as soon as I can, and Steve will no doubt be in further touch upon his return.

Best,

Cesar

—

**Cesar E. Azrak**

Trial Attorney

United States Department of Justice

Civil Division, Federal Programs Branch

cesar.e.azrak@usdoj.gov

Office: (202) 305-0693

Cell: (202) 538-3491

---

**From:** Nikhel Sus <nsus@citizensforethics.org>
**Sent:** Friday, June 26, 2026 4:23 PM
**To:** Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>

**Cc:** John Hill <jhill@citizensforethics.org>; Aman George <ageorge@democracyforward.org>; Lauren Bingham <lbingham@citizensforethics.org>; Hanna Hickman <hhickman@democracyforward.org>; Mark Samburg <msamburg@democracyforward.org>; Jon Sherman <jsherman@fairelectionscenter.org>; Michelle Kanter Cohen <mkantercohen@fairelectionscenter.org>; Emily Davis <edavis@fairelectionscenter.org>; rfein@democracyforward.org; Will Wassdorf <will.wassdorf@oag.texas.gov>; Azrak, Cesar E (CIV) <Cesar.E.Azrak@usdoj.gov>
**Subject:** Re: [EXTERNAL] LWV v. DHS, 25-cv-3501-SLS (DDC)


Steve,

A few responses to your email below:

1. Thank you for clarifying that "SAVE's bulk-upload functionality, full SSN searches, and last-four SSN searches have all been disabled" in response to the Court's June 22 order. Of course, none of that information was previously available to us or the public, and, as far as we are aware, the federal Defendants have not publicly described any steps they have taken to comply with the Court's order. To the contrary, as noted in my email below, USCIS posted an update on its website on June 23 -- the day after the Court's ruling -- about new "enhancements to the SAVE program," including to SAVE's "bulk case closure capabilities." This was not "outdated language," as you incorrectly state below, but rather *new* language posted *after* the Court's decision that gave us reasonable grounds to inquire about the steps Defendants had taken to comply with the Court's order.

2. Regarding the third bullet in my email below, you stated you "do not understand what (if anything) that has to do with the Court's order, which does not prohibit use of the SAVE system in general." While I think this point should be obvious, I will explain further: as the federal Defendants acknowledge, the Court's June 22 order requires DHS to, among other things, undo "SAVE's bulk-upload functionality, full SSN searches, and last-four SSN searches." Yet the June 24 FEMA Notice of Funding Opportunity (NOFO) document I linked below -- which was issued two days after the Court's order -- imposes the following grant condition: "each state and high-risk urban area election jurisdiction must … [u]tilize the U.S. Citizenship and Immigration Services' Systematic Alien Verification for Entitlements (SAVE) system to verify the citizenship *of all individuals in the state voter registration database within 120 days* of accepting the grant award." It is our understanding that it would be impossible to perform these functions using the un-modified version of SAVE, which, as you know, did not allow SAVE users to run bulk searches of statewide voter registration lists using voters' SSNs. However, we appreciate your subsequent clarification that Defendants have in fact disabled SAVE's bulk upload and search-by-SSN features in response to the Court's June 22 order. In light of that representation, our understanding is that the June 24 NOFO's SAVE-related grant condition would be impossible to fulfill and cannot be enforced consistent with the Court's June 22 order. Please let us know if our understanding is incorrect.

3. My initial email asked Defendants to explain what steps they have taken and will be taking to comply with the Court's June 22 order. You responded that the federal Defendants have disabled "SAVE's bulk-upload functionality, full SSN searches, and last-four SSN searches." But the Court's order required Defendants to take more than just those actions. Specifically, the Court held unlawful, vacated, and set aside three things: (1) DHS's October 2025 modified SORN for SAVE, (2) SSA's November 2025 modified SORN for the SSA Master File, and (3) the SAVE "modified system" described in DHS's October 2025 modified SORN for SAVE. *See* ECF No. 112. Your email did not describe any steps the federal Defendants have taken to effectuate, memorialize, or communicate within the government the vacatur of the two SORNs, nor have we seen any public rescission of those SORNs published in the Federal Register or on the agencies' websites. This omission is significant because both SORNs established new routine uses that purport to broadly authorize inter-agency disclosures between DHS, SSA, and other agencies. *See* ECF No. 113 at 13. If those modified SORNs and routine uses remain in place, Defendants are not in compliance with the Court's June 22 order.

4. Similarly, the June 22 order requires the federal Defendants to undo the SAVE "modified system" described in DHS's October 2025 modified SORN for SAVE. *See* ECF No. 112. Undoing that modified system requires more than merely disabling "SAVE's bulk-upload functionality, full SSN searches, and last-four SSN searches." It also requires Defendants to undo various other changes outlined in DHS's October 2025 SORN, such as permitting SAVE searches using passport numbers and driver's license numbers, including U.S. citizens among the categories of individuals covered by SAVE, and SAVE's integration of social security data, state driver's license data, and U.S. passport data. Again, your email does not describe any efforts to comply with this aspect of the Court's order.

In light of the additional information I provided in points 3 and 4 above, please explain in writing by no later than 5pm ET on Monday, June 29, all steps Defendants have taken to comply with the Court's June 22 order, apart from merely disabling "SAVE's bulk-upload functionality, full SSN searches, and last-four SSN searches."

Thank you.

Nik

On Thu, Jun 25, 2026 at 7:34 PM Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov> wrote:

Nik,

Your concerns are unfounded. I have been informed that SAVE's bulk-upload functionality, full SSN searches, and last-four SSN searches have all been disabled. In addition, I have personally heard from attorneys representing multiple States that those States have been unable to use those features this week.

None of your three bullet points "indicate the agency continues to operate the modified SAVE system." As for your first two points, the Court's order does not require that every statement on every government website be immediately updated. I have forwarded your examples of possibly outdated language to USCIS. If it is appropriate to update the language on the website, I am sure they will do so at some point. As for your third point, I do not understand what (if anything) that has to do with the Court's order, which does not prohibit use of the SAVE system in general.

FYI, I will be out of the office on leave, starting tomorrow, through Monday, July 6. If you have any further questions, please send to me but also make sure to include Cesar Azrak (copied here).

Thanks,

**Stephen M. Pezzi** | Chief Litigation Counsel

United States Department of Justice

Civil Division - Federal Programs Branch

(202) 598-3240 | stephen.pezzi@usdoj.gov

---

**From:** Nikhel Sus <nsus@citizensforethics.org>
**Sent:** Thursday, June 25, 2026 1:53 PM
**To:** Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>; Will Wassdorf <will.wassdorf@oag.texas.gov>
**Cc:** John Hill <jhill@citizensforethics.org>; Aman George <ageorge@democracyforward.org>; Lauren Bingham <lbingham@citizensforethics.org>; Hanna Hickman <hhickman@democracyforward.org>; Mark Samburg <msamburg@democracyforward.org>; Jon Sherman <jsherman@fairelectionscenter.org>; Michelle Kanter Cohen <mkantercohen@fairelectionscenter.org>; Emily Davis <edavis@fairelectionscenter.org>; rfein@democracyforward.org
**Subject:** [EXTERNAL] LWV v. DHS, 25-cv-3501-SLS (DDC)

Counsel,

We're writing to ascertain the steps Defendants have taken and will be taking to comply with the Court's June 22 memorandum opinion and order in the above-referenced case. *See* ECF Nos. 111, 112. As you know, the Court held unlawful, vacated, and set aside the SAVE "modified system" and corresponding system of records notices. And the

Court explained that "[s]etting aside an agency action means 're-establish[ing] the status quo absent the unlawful agency action.'" ECF No. 111 at 74 (quoting *Las Ams. Immigrant Advoc. Ctr. v. DHS*, 783 F. Supp. 3d 200, 233 (D.D.C. 2025)). It is not clear to Plaintiffs what actions, if any, Defendants have taken to comply with the Court's order. Moreover, DHS has taken several actions *after* the Court's June 22 ruling which indicate the agency continues to operate the modified SAVE system, including the following:

- On June 23, USCIS posted an update on its website titled "SAVE Enhances Case Processing," which described, among other things, updates to SAVE's "bulk case closure capabilities."
- The SAVE user reference guide now indicates that it was "last reviewed/updated: 06/23/2026," yet continues to include sections 8-10 which deal with SSN queries and bulk uploads.
- On June 24, FEMA published the Fiscal Year 2026 Homeland Security Grant Program Notice of Funding Opportunity, which states that "each state and high-risk urban area election jurisdiction must … [u]tilize the U.S. Citizenship and Immigration Services' Systematic Alien Verification for Entitlements (SAVE) system to verify the citizenship of all individuals in the state voter registration database within 120 days of accepting the grant award," and must also "[u]tilize the SAVE system, or another authorized government system, to verify U.S. citizenship for any person working at a polling place in any capacity, or operating any election system in the jurisdiction, including temporary agency workers and vendors who work on or with election systems."

Can the Federal Defendants and Texas please provide an explanation by 3pm ET tomorrow (Friday, June 26) of what steps, if any, they have taken and will be taking to comply with the Court's order? We are happy to schedule a call to discuss if needed.

Thanks,

Nik

--

**Nikhel Sus**
Chief Counsel | Citizens for Responsibility and Ethics in Washington (CREW)
Office: (202) 408-5565

nsus@citizensforethics.org | www.citizensforethics.org

--

**Nikhel Sus**
Chief Counsel | Citizens for Responsibility and Ethics in Washington (CREW)
Office: (202) 408-5565

nsus@citizensforethics.org | www.citizensforethics.org

--
**Nikhel Sus**

Chief Counsel | Citizens for Responsibility and Ethics in Washington (CREW)

Office: (202) 408-5565

nsus@citizensforethics.org | www.citizensforethics.org