**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LEAGUE OF WOMEN VOTERS, *et al.*,

       Plaintiffs,

    v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

       Defendants.

No. 1:25-cv-03501 (SLS)

**JOINT STATUS REPORT**

Pursuant to the Court's order of July 9, 2026, the parties, having conferred, provide the following joint status report.

**Defendants' Statement**

As reflected in the attached declarations, Defendants promptly came into compliance with this Court's order of vacatur once it was issued. Now, due to the entry of a more recent and more specific order issued by the U.S. District Court for the Northern District of Florida that provided injunctive relief to the plaintiffs in that case—the entry of which the United States vigorously opposed, including on the specific ground that that court should not enter an order that conflicts with the order from this Court, *see Florida* ECF Nos. 42, 45—the United States faces an additional set of court-ordered obligations that (like this Court's order of vacatur) may not be ignored. In these extraordinary circumstances, the intent of the United States is to comply with all outstanding court-ordered obligations to the greatest extent possible.

To do so, as explained in the attached email from the Department of Justice to counsel for the plaintiffs in *Florida*, Ex. 1, Email from S. Pezzi to J. Muehlhoff, the Department of Homeland Security (DHS) and the Social Security Administration (SSA) are in the process of providing a technical workaround that would allow for bulk-uploads and SSN searches for the State of Florida,

Ohio, Iowa, and Indiana—even while those capabilities remain disabled for all other users.  Undersigned counsel discussed this process for approximately 90 minutes on a videoconference with Plaintiffs this morning.

Plaintiffs' portion of this joint status report includes extensive legal arguments concerning Defendants' actions.  Defendants respectfully submit that the appropriate vehicle for airing those views is a motion seeking enforcement or clarification of the Court's prior order, which Defendants could review and respond to in the normal course.  Airing these weighty and complex issues in the context of joint status report, prepared on a 24-hour turnaround, with the parties having exchanged their drafts mere hours ago, is an inefficient and impractical process to tee up these legal and factual questions for the Court's consideration.

Plaintiffs also have not established entitlement to relief.  Their argument does not address differences in injunctive relief and vacatur under the APA.  *Cf. Nken v. Holder*, 556 U.S. 418, 428-29 (2009) (discussing differences between "[a]n injunction and a stay"); *Neguse v. ICE*, 2026 WL 137017 (D.D.C. Jan. 19, 2026) (similar); *see also, e.g.*, Fed. R. Civ. P. 65(d)(2)(c) (discussing who is bound by an injunction).  And in suggesting that the United States has a choice about restoring SSA data-sharing with respect to SAVE requests from Florida, Ohio, Iowa, and Indiana, Plaintiffs ignore that the *Florida* court has already rejected this (and other) arguments when the United States and Plaintiffs (as *amici curiae*) pressed it in responding to the States' motion to enforce in *Florida*.

In any event, Defendants read this court's order of July 9, 2026 as seeking factual information about the current status of compliance with this Court's prior order, not simultaneous and extraordinarily expedited briefing of a new legal dispute that has not yet been presented to the Court.  Accordingly, Defendants propose that the parties confer and submit to the Court no later than 3 PM on Monday, July 13, 2026, a proposed schedule for resolution of any irreconcilable dispute with respect to the current status of the government's compliance with this Court's order.

Defendants offer the following additional information in response to the Court's order, as reflected in greater detail in the attached declarations from DHS (Ex. 2) and from SSA (Ex. 3):

1. **"[W]hat actions the Federal Defendants are taking to comply with this Court's [112] Order".** As explained in the attached declarations, the United States promptly came into full compliance with this Court's order of vacatur by immediately communicating the existence of the order to relevant agency officials, treating the vacated SORNs as no longer having any legal force or effect, and disabling the features of SAVE that comprised the "modified system" vacated by the Court (*i.e.*, sharing of SSA data between DHS and SSA, bulk-upload capability, full SSN searches, and last-four SSN searches). Defendants believe it was undisputed as of the morning of July 9, 2026 that they were in full compliance with that order.[1]

As disclosed in Defendants' notice of July 9, 2026, ECF No. 125, and as further explained above, Defendants are now in the process of restoring some of the previously vacated SAVE functionality with respect to the *Florida* Plaintiffs (Florida, Ohio, Iowa, and Indiana), as required by the injunction in *Florida*. That functionality will remain unavailable to all other SAVE users until further notice.

2. **[W]hether the Social Security Administration is still making NUMIDENT records available to SAVE and/or DHS.** As explained in greater detail in the attached declarations, SSA ceased making NUMIDENT records available for purposes of responding to SAVE requests immediately after the Court's order of vacatur. Now, after the *Florida* order, the Social Security Administration is making NUMIDENT records available for purposes of responding to SAVE requests, though solely with respect to Florida, Ohio, Iowa, and Indiana. NUMIDENT records will remain unavailable for the purpose of responding to SAVE requests from any other SAVE user.

---

[1] The declarations describe one inadvertent instance of a query of SSA data relating to three individuals, for some testing-related purpose. Counsel continues to investigate those circumstances, but based on the information currently available and described in the attached declarations, does not believe they resulted in any response being sent to any SAVE user. If further inquiry warrants a further update on this subject, undersigned counsel will promptly confer with counsel for Plaintiffs about appropriate next steps.

**3.** **"[W]hether SAVE still confirms social security numbers beyond those collected through the 'very limited circumstances' recognized in the Notice of Modified System of Records, 85 Fed. Reg. 31,798, 31,801 (May 27, 2020).** Please see response to question 2, above.

**Plaintiffs' Statement**

This Court entered final judgment in this case on June 22, 2026, setting aside and vacating the SAVE "modified system" as well as the updated System of Record Notices for both the SAVE system and the Social Security Administration's Master Files of SSN Holders and SSN Applications that added new routine uses purporting to cover the use of SSA data for citizenship and immigration verification purposes. (*See LWV*, Doc. No. 111.) Since then, Defendants have filed a Notice of Appeal (Doc. No. 113) and sought a stay of the judgment pending appeal (Doc. No. 116), which this Court denied on July 8, 2026 (Doc No. 123). Defendants then immediately filed a motion seeking a stay of the judgment pending appeal and an administrative stay from the Court of Appeals, on July 8, 2026, in which they requested a ruling by July 16, 2026 and stated they intended to seek relief from the Supreme Court of the United States if they did not receive a stay. *See League of Women Voters, et al. v. DHS, et al.*, Case No. 26-5243 (D.C. Cir.) (*"LWV Appeal"*), Document #2182390 (July 8, 2026), at 2. The Court of Appeals set a briefing schedule without granting the request for administrative stay and with briefing closing on July 20, 2026. *LWV Appeal*, Per Curiam Order, Document #2182598 (July 9, 2026).

In contrast to their actions in this case, the DHS Defendants have not sought *any* relief from the conflicting order entered in *Florida v. DHS*, No. 24-cv-00509 (N.D. Fla. Dec. 1, 2025) ("*Florida*"), enforcing an earlier settlement agreement with DHS (but not SSA) and directing DHS to reinstate "access to the bulk-upload and SSN-search features in the SAVE system" to Florida, Iowa, Indiana, and Ohio. (*Florida*, Doc. No. 45.) Although DHS initially opposed the *Florida*

plaintiffs' motion to enforce, it has not yet filed a Notice of Appeal nor sought any stay or reconsideration of that court's decision.[2]

Instead—after representing to the *Florida* court that "the *League of Women Voters* vacatur order prevails over conflicting obligations in the [*Florida*] settlement agreement," (*Florida*, Doc. No. 42 at 7), and, "absent a stay of that decision, [DHS is] bound by [this Court's vacatur order.]" (*id.*)— Defendants chose to violate this Court's summary judgment order by restoring access to the modified SAVE system for the four plaintiff states in *Florida*. (*LWV*, Doc. No. 125.) Defendants' continued operation of the modified SAVE system remains unlawful, for the reasons this Court explained in its Memorandum Opinions, (*LWV*, Doc. No. 111, 123), and because Defendants are again operating the modified SAVE system without first publishing any System of Records Notice (SORN) that discloses these routine uses and receiving and considering comments.[3] Defendants' operation of the modified SAVE system, even only for four states, also violates this Court's order and final judgment. (*See LWV*, Doc. No. 111, 112.) And while the DHS Defendants may be subject to conflicting orders, between *Florida* and this case, the SSA Defendants are not. The SSA Defendants are not now, and never were, parties in *Florida*. Thus, they are obligated by this Court's judgment to terminate the SAVE system's access to SSA records and face no conflicting obligations from the *Florida* court.

Notably, Defendants themselves previously acknowledged that their current course of conduct does not comply with the Court's June 22 vacatur order. In their reply in support of their motion for a stay pending appeal, Defendants explicitly requested that, "[i]n the alternative," the

---

[2] Plaintiffs League of Women Voters and Electronic Privacy Information Center filed an emergency motion seeking intervention in *Florida* on July 8, 2026, for purposes of appealing the order. The court has ordered expedited briefing to be concluded by noon Central on July 13, 2026. (*Florida*, Doc. No. 49.)

[3] This Court's judgment also vacated the updated System of Records Notices for both the modified SAVE system and the Social Security Administration's (SSA) Master Files of SSN Holders and SSN Applications, meaning that neither DHS nor SSA has a current SORN in place that covers the transfers of data involved in the operation of the modified SAVE system. The *Florida* court did not address the SORN requirement or explain how its order could be lawfully complied with in the absence of valid, operative SORNs.

Court "stay its judgment with respect to Florida, Iowa, Ohio, and Indiana, to relieve the United States from conflicting court-ordered obligations." (LWV, Doc. No. 120 at 1, 9.) Defendants insisted that "a partial stay limited to those four States . . . would at least temporarily mitigate the problem of conflicting court orders." (*Id.* at 9.) Similarly, DHS recognized in *Florida* that although they "remain confident that they will obtain a stay of the League of Women Voters vacatur order and will ultimately prevail in their appeal of that order, . . . Defendants remain bound by that order." (*Florida,* Doc. No. 42 at 10.) Yet despite this Court denying Defendants' stay motion and the D.C. Circuit refusing to grant Defendants' request for an administrative stay, Defendants nonetheless are restoring modified SAVE access to the four plaintiff states in *Florida* anyway, effectively granting themselves the "partial stay" that this Court denied.

This Court has the authority to enter an order interpreting and enforcing its judgment, directing further relief as necessary to effectuate that judgment, and holding noncompliant parties in contempt, where warranted. "District courts have the authority to enforce the terms of their mandates." *Flaherty v. Pritzker*, 17 F. Supp. 3d 52, 55 (D.D.C. 2014). This authority includes "'the power to construe and interpret the language of the judgment' in order to determine the totality of the relief the Court originally granted, and to which Plaintiff was originally entitled." *Yanofsky v. Dep't of Com.*, 2019 WL 5110502, at *2 (D.D.C. Apr. 25, 2019) (Jackson, J.) (citing *Sec. & Exch. Comm'n v. Hermil, Inc.*, 838 F.2d 1151, 1153 (11th Cir. 1988)). "Part and parcel with that authority 'is the power to construe and interpret the language of the judgment.' The Court 'is generally the authoritative interpreter of its own remand.' And a motion to enforce is 'the usual method for requesting a court to interpret its own judgment' and to compel compliance if necessary in light of that interpretation." *Anglers Conservation Network v. Ross*, 387 F. Supp. 3d 87, 93 (D.D.C. 2019) (internal citations omitted).

Further, the existence of conflicting orders is not a complete defense to contemptuous conduct, and the manner in which the litigant navigated that conflict is highly relevant to the inquiry. Where an agency defendant, for example, attempted to delay compliance with the operative order by seeking a stay pending appeal, while failing to timely seek relief from the prior conflicting

order, a court concluded the agency did not make a good faith effort to comply with the order, supporting a finding of contempt. *See Am. Rivers v. U.S. Army Corps of Eng'rs*, 274 F. Supp. 2d 62, 68-69 (D.D.C. 2003).

Based on the present record, and in light of the rapidly evolving developments in this case, this Court would be well within its power to issue an order now enforcing its judgment and enjoining Defendants from re-establishing access to the modified SAVE system (or its functional equivalent) for any user, including the four plaintiff states in *Florida*. Such relief would be especially appropriate as to the SSA Defendants insofar as they are presently preparing to violate or actually violating the Court's vacatur order and *are not subject to* the purportedly conflicting order in *Florida*. If the Court believes these issues would benefit from full briefing, Plaintiffs respectfully request that the Court consider entering an order prohibiting Defendants temporarily from proceeding with their plan to restore access to the modified SAVE system for the four *Florida* plaintiff states, pending briefing and resolution of a motion, and that the Court set an expedited briefing schedule.

If the disputes outlined above cannot be promptly resolved and Defendants move forward with unlawfully operating the modified SAVE system in violation of this Court's judgment, Plaintiffs anticipate filing a motion for an order to show cause why they should not be held in contempt of this Court's order. *See Am. Rivers v. U.S. Army Corps of Eng'rs*, 274 F. Supp. 2d 62, 68-69 (D.D.C. 2003).

As an alternative to briefing these issues, particularly in recognition of the fast-moving and complex nature of these issues, Plaintiffs proposed to Defendants that the SSA Defendants modify their plan to violate the vacatur order and abstain from reconnecting or otherwise making available SSA data (including, but not limited to, the NUMIDENT system) to the four *Florida* plaintiff states. Plaintiffs informed the Federal Defendants that if they voluntarily took this course of action, Plaintiffs would be willing to forgo—for the time being—seeking an order to enforce the D.D.C. judgment or pursuing contempt proceedings, unless or until other material facts, government actions, or judicial decisions alter the situation. The Federal Defendants responded that they were

unable to agree to that proposal at this time, and that they oppose any such requests for relief.[4] The

Court could adopt a similar approach itself.

*        *        *

Dated:  July 10, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI (D.C. Bar No. 995500)
Chief Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*

---

[4] Plaintiffs also notified Defendants, "pursuant to LCvR 7(m), that because Defendants are not in compliance with the vacatur order, Plaintiffs intend to request that the Court order enforcement of the summary judgment order, including by enjoining Defendants from violating the order; entering an order to show cause; and/or order further enforcement or contempt proceedings as needed."

*/s/ John B. Hill*

Aman T. George (D.C. Bar No. 1028446)
Jennifer Fountain Connolly (D.C. Bar No. 1019148)
Ronald A. Fein (D.D.C. Bar No. MA0012)
Sophie R. Gelber (D.C. Bar No. 9003827)
Johanna M. Hickman (D.C. Bar No. 981770)
Mark B. Samburg (D.C. Bar No. 1018533)
Robin Thurston (D.C. Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
ageorge@democracyforward.org
jconnolly@democracyforward.org
rfein@democracyforward.org
sgelber@democracyforward.org
hhickman@democracyforward.org
msamburg@democracyforward.org
rthurston@democracyforward.org

Counsel for All Plaintiffs

Nikhel S. Sus (D.C. Bar No. 1017937)
John B. Hill (N.Y. Bar No. 5505508)*
Lauren C. Bingham (D.C. Bar No. 90043462)*
Citizens for Responsibility
and Ethics in Washington
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
nsus@citizensforethics.org
jhill@citizensforethics.org
lbingham@citizensforethics.org

*Counsel for All Plaintiffs*

Jon Sherman (D.C. Bar No. 998271)*
Michelle Kanter Cohen (D.C. Bar No. 989164)
Emily Davis (D.C. Bar No. 90020129)
Fair Elections Center
1629 K St. NW, Suite 300
Washington, DC 20006
(202) 331-0114
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
edavis@fairelectionscenter.org

Counsel for All Plaintiffs

John L. Davisson (D.C. Bar No. 1531914)
Enid Zhou (D.C. Bar No. 1632392)
Abigail Kunkler (D.C. Bar No. 90030868)
Mayu Tobin-Miyaji (D.C. Bar No. 90033340)
Electronic Privacy Information Center
1519 New Hampshire Ave. NW
Washington, DC 20036
(202) 483-1140
davisson@epic.org
zhou@epic.org
kunkler@epic.org

Counsel for Plaintiff Electronic Privacy Information Center

* admitted pro hac vice