**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS, *et al.*, <br><br>      Plaintiffs, <br><br>    v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br>      Defendants. | No. 1:25-cv-03501 (SLS) |

**NOTICE**

In response to the Court's Minute Order of July 11, 2026, Defendants submit the following notice regarding "whether the Social Security Administration is bound by the consent decree and the July 7, 2026, order enforcing the consent decree in *Florida v. DHS*, No. 3:24-cv-00509, ECF Nos. 30, 31, 45 (N.D. Fla.)."

The Social Security Administration (SSA) is not a signatory to the settlement agreement in *Florida*. SSA is likewise not a party in *Florida* and thus is not directly bound in the way that a party would be (*e.g.*, for purposes of contempt) by any of the Court's orders in that case.

Even so, the Department of Homeland Security (DHS) *is* a signatory to the settlement agreement in *Florida*, as well as a named defendant in that case. Accordingly, it is undisputed that *DHS* is bound by the injunction issued on July 7, 2026, in that case. Order, *Florida* ECF No. 45. And as a practical matter, that injunction necessarily requires SSA's participation for DHS to comply fully. *See* Order, *Florida* ECF No. 45 at 9 ("Defendants shall immediately comply with the court-approved settlement agreement in this case by reinstating Plaintiffs' access to the bulk-upload and SSN-search features in the SAVE system."). It is not possible for DHS to "reinstat[e] Plaintiffs' access" to the features in question without SSA's cooperation. *Id.* Under these circumstances, particularly because "[t]he entire 'executive Power' belongs to the President alone," *Seila*

*Law LLC v. CFPB*, 591 U.S. 197, 213 (2020)—that is, rather than to DHS or to SSA or other subordinates of the President—DHS cannot evade its legal obligations to comply with the *Florida* injunction solely on the theory that SSA refuses to cooperate. For a hypothetical example: if, in a suit against the Department of Justice (DOJ), a federal district court ordered DOJ to provide written notice to certain aliens in the custody of DHS, DOJ could not justify its failure to deliver those notices by asserting that DHS was refusing to allow the notices to be delivered and that DHS was not named as a defendant in the suit.

This common-sense result is also bolstered by the text of the Administrative Procedure Act (APA). An APA plaintiff may—and routinely does—name "the United States" as a defendant in the case caption. *See* 5 U.S.C. § 703 ("[T]he action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer."). Although neither the *Florida* Plaintiffs nor the *League of Women Voters* Plaintiffs did so here, the fact that either could have done so (without otherwise materially altering the litigation) underscores why the United States endeavors to comply with *all* relevant court orders against the federal government. And the United States cannot comply with the *Florida* injunction without SSA's participation. Accordingly, given the desire of "the United States to comply with all outstanding court orders . . . to the greatest extent possible," Defs.' Notice, ECF No. 125, that practical reality has driven SSA's actions here, in these unfortunate and extraordinary circumstances.

The Court's recent Minute Order refers to what this Court described as "the Northern District of Florida's recognition that there is 'merit' to the Plaintiffs' argument that the Social Security Administration is not bound by its July 7, 2026, Order." Minute Order, *League of Women Voters* (July 11, 2026). To be sure, the district court in *Florida* said that that argument was "not without some merit." Order, *Florida* ECF No. 45, at 9. But, respectfully, the *Florida* court made that statement in the course of *rejecting* the argument, and issuing the very order that the United States vigorously opposed. The United States is necessarily interpreting its compliance obligations in *Florida* based on the decretal language in the order's concluding text—not the earlier discussion

in the court's opinion (especially where, as here, that discussion is tentative, ambiguous, and arguably in some tension with the ultimate text of the decretal language in the order).

In sum, the United States continues to work in good faith to comply with all outstanding court orders to the greatest extent possible. That is why the relevant features of SAVE remain disabled for users in 46 out of 50 states. Insofar as the *Florida* order (entered over the objection of the United States) has now created a conflict, the United States has little choice but to attempt to comply with the *Florida* injunction, which specifically commanded certain action. This Court's order of vacatur—while of course also a legally binding court order that the United States must also attempt to comply with—instead operated to set aside certain agency actions in effect at that time. *Cf. Nken v. Holder*, 556 U.S. 418, 428-29 (2009) (discussing differences between "[a]n injunction and a stay"); *Neguse v. ICE*, No. 25-cv-2463 (JMC), 2026 WL 137017 (D.D.C. Jan. 19, 2026) (similar); *see also, e.g.*, *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010) (describing vacatur as a "less drastic remedy" than the "drastic and extraordinary remedy" of an injunction). Although Plaintiffs in this case also requested a permanent injunction, this Court did not grant that relief. *Compare* Order, ECF No. 112, *with* Pls.' Proposed Order at 2, ECF No. 66-12 (seeking an order, which this Court did not enter, which would have provided that it is "**ORDERED** that Defendants are **PERMANENTLY ENJOINED** and prohibited from operating SAVE with its overhauled functionalities . . . ").

Dated:  July 13, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI (D.C. Bar No. 995500)
Chief Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*