**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LEAGUE OF WOMEN VOTERS, *et al.*,

      Plaintiffs,

    v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

      Defendants.

No. 1:25-cv-03501 (SLS)

**FEDERAL DEFENDANTS' SUPPLEMENTAL MEMORANDUM
IN RESPONSE TO THE COURT'S ORDER OF JULY 18, 2026**

In response to the Court's Minute Order of July 18, 2026, Federal Defendants respectfully submit the following.

**1.** As for "the status of the Plaintiffs' intervention request in *Florida v. DHS*, No. 3:24-cv-509 (N.D. Fla.)" and "the Parties' best understanding of the Northern District of Florida's expected timeline for ruling on that motion," Plaintiffs' motion to intervene in *Florida* was granted yesterday afternoon. *See* Ex. 1, Order, *Florida v. DHS*, No. 3:24-cv-509 (N.D. Fla. July 19, 2026), ECF No. 54. A copy of that order is attached to this filing as Exhibit 1.

Federal Defendants agree with this Court "that a ruling on the motion to intervene and/or an appeal of [the *Florida*] order may moot this Court's need to address the [128] Motion to Enforce" filed by Plaintiffs in the above-captioned matter. And Plaintiffs here (as intervenors in *Florida*) have now filed a notice of appeal in *Florida*, which is attached to this filing as Exhibit 2. Ex. 2, Notice of Appeal, *Florida* ECF No. 55. Accordingly, in addition to deferring resolution of Plaintiffs' motion to enforce pending further consideration by the D.C. Circuit (and, if necessary, the Supreme Court of the United States), *see* Defs.' Opp'n to Mot. to Enforce at 3, 20, ECF No. 129, it would also be prudent for this Court to await resolution of the imminent appellate proceedings in *Florida* before acting on Plaintiffs' motion here.

**2.** As for "whether the Federal Defendants have appealed the Northern District of Florida's ruling in light of their representations in the [129] Opposition that the Northern District of Florida lacked jurisdiction to enter its judgment," as of this filing, the United States has not filed a notice of appeal of the injunction in *Florida*. The deadline for the United States to file any notice of appeal of the *Florida* injunction is September 8, 2026. *See* Fed. R. App. P. 4(a)(1)(B). The Solicitor General of the United States has not yet made a final decision as to whether to appeal the *Florida* injunction. The Solicitor General has decided, however, at least at this time, not to pursue an immediate stay of that injunction pending any appeal. The Solicitor General's determination is that the *Florida* injunction does not present the same sort of irreparable harm to the government that this Court's order of vacatur does, because the *Florida* injunction orders the government to do what the United States already believes it is required to do under 8 U.S.C. § 1373. Of course, now that Plaintiffs here have intervened in *Florida* and filed their own notice of appeal, appellate proceedings in that case are imminent regardless.

**3.** Finally, as for "whether this Court's understanding is incorrect" about the November 28, 2025 amended complaint in *Florida*, this Court is correct that that amended complaint was filed with the consent of the United States. *See* Am. Compl., *Florida* ECF No. 29 at 1 n.1 ("All parties consent to the filing of this amended complaint."). Respectfully, however, that consent does not suggest that the United States "engaged in forum shopping" in *Florida*, Minute Order of July 18, 2026, or in any of the four other earlier-filed lawsuits on this subject filed in Ohio, Texas, Indiana, or Iowa. As the defendant in each of those suits, the United States had no role in selecting any of those fora. And the Department of Justice routinely consents to leave to file an amended complaint, given the lenient standard for allowing leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, here, the amended complaint in *Florida* facilitated a settlement that allowed the United States to obtain dismissal of four different lawsuits (in four different districts) at the same time, so permitting the amendment in *Florida* was in the litigation interests of the United States (for reasons having nothing to do with any particular forum). The goal of the United States

was to reach a global settlement to resolve all those suits, regardless of the forum.  The United States ultimately achieved that goal in substantial part, via the *Florida* settlement.  Despite extensive negotiations, however, the United States and Texas were unable to reach an agreement, which is why Texas did not sign the *Florida* agreement and why litigation between Texas and the United States continues to this day.  *See Texas v. Mullin*, No. 24-cv-49 (W.D. Tex.).

Finally, the United States argued recently in *Florida* that the settlement agreement in that case was *not* subject to enforcement in the Northern District of Florida.  *See* Ex. 1 to Defs.' Opp'n to Pls.' Mot. to Enforce at 8-9, ECF No. 129-1 (arguing in *Florida* that any such claim must be brought in the Court of Federal Claims).  That further confirms that the United States is not pursuing a strategy here based on forum shopping in favor of the Northern District of Florida.

Dated:  July 20, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI (D.C. Bar No. 995500)
Chief Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*