**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-3501-SLS |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order of July 20, 2026, the parties provide this joint status report updating the Court on the status of the appeal of *Florida v. DHS*, No. 3:24-cv-509 (N.D. Fla.) in the Eleventh Circuit. Plaintiffs represent that:

On August 26, the Eleventh Circuit granted the League of Women Voters' and EPIC's motion to expedite "to the extent the Court expedites the appeal for merits disposition and DIRECTS the Clerk's Office to place this case on the next available oral argument calendar with an opening." Order, *Florida v. League of Women Voters*, No. 26-12533 (11th Cir. Aug. 26, 2026), Dkt. 31. The Eleventh Circuit has not set a date for argument yet, however. Eleventh Circuit argument calendars are posted 4 weeks before oral argument sessions.

On September 2, the Eleventh Circuit noticed a Jurisdictional Question, directing the parties to address whether appellants have standing to appeal the *Florida* district court's enforcement order. Judicial Question, *Florida v. League of Women Voters*, No. 26-12533 (11th Cir. Sept. 2, 2026), Dkt. 32. The notice gives the parties 14 days to simultaneously respond to the Jurisdictional Question. *See id.* Under 11th Cir. R. 31-1, "the due date for filing appellee's or

appellee-cross-appellant's brief shall be postponed until the court determines that the appeal or cross-appeal shall proceed or directs the parties to address the jurisdictional question(s) in their briefs on the merits. When the court rules on a jurisdictional question, a new due date will be set for filing appellee's or appellee-cross-appellant's brief if the appeal or cross-appeal is allowed to proceed."

**ADDITIONAL STATUS UPDATE BY PLAINTIFFS**

Also on August 26, counsel for Defendants confirmed that, as a result of the district court's enforcement order in the *Florida* litigation, the four plaintiff states in the Florida litigation have now both (1) submitted verification requests using the SAVE "workaround" Defendants created, and (2) gotten results back, each in violation of this Court's vacatur order. Plaintiffs have requested that Defendants also identify the number of verification requests and verifications that they have provided to the *Florida* plaintiff states, to ascertain the extent of Defendants' violation of this Court's vacatur order, but Defendants have refused to provide that information to date. The number of SAVE-workaround verification requests submitted by the *Florida* plaintiff states and resultant verifications is directly relevant to Plaintiffs' still pending Motion to Enforce, ECF 128, and the scale of Defendants' data-sharing with the *Florida* plaintiff states in violation of this Court's vacatur order may warrant further intervention from the Court.

**RESPONSE OF DEFENDANTS TO PLAINTIFFS' ADDITIONAL STATUS UPDATE**

Plaintiffs' assert, above, that sharing certain information with the plaintiff States in the *Florida* litigation is a "violation of this Court's vacatur order." That question is already the subject of extensive briefing already before the Court, *see, e.g.*, ECF Nos. 128, 129, 130, and Defendants do not intend to relitigate those questions now, in the context of a joint status report that is intended

to "updat[e] the Court on the status of the appeal of *Florida v. DHS*, No. 3:24-cv-509 (N.D. Fla.) in the Eleventh Circuit." Minute Order of July 20, 2026.

In any event, what Plaintiffs say they learned "on August 26," in fact was disclosed in several prior filings dating back to July. *See* Joint Status Report (July 10, 2026), ECF No. 126 ("Now, after the *Florida* order, the Social Security Administration is making NUMIDENT records available for purposes of responding to SAVE requests, though solely with respect to Florida, Ohio, Iowa, and Indiana."); Defs.' Opp'n to Pls.' Mot. to Enforce (July 16, 2026), at 6 ("As of this filing, counsel's understanding is that some SAVE requests (including via bulk-upload functionality and SSN searches on SSA data) have now been processed for at least one of the *Florida* Plaintiffs."), ECF No. 129. Moreover, none of the arguments in the parties' briefing on Plaintiffs' motion to enforce turns on the precise number of requests that have been submitted or verified for the *Florida* Plaintiffs.

Ultimately, because Plaintiffs have not actually requested any relief on this issue, there is nothing for the Court to decide at this time. In the view of the United States, it continues to be prudent for this Court to await further proceedings in the Eleventh Circuit and the D.C. Circuit before issuing any further relief on this subject.

Dated: September 2, 2026

Respectfully submitted,

*/s/ Nikhel S. Sus*
Nikhel S. Sus (D.C. Bar No. 1017937)
John B. Hill (N.Y. Bar No. 5505508)*
Lauren C. Bingham (D.C. Bar No. 90043462)*
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
nsus@citizensforethics.org
jhill@citizensforethics.org
lbingham@citizensforethics.org

Aman T. George (D.C. Bar No. 1028446)
Jennifer Fountain Connolly (D.C. Bar No. 1019148)
Ronald A. Fein (D.D.C. Bar No. MA0012)
Johanna M. Hickman (D.C. Bar No. 981770)
Mark B. Samburg (D.C. Bar No. 1018533)
Robin Thurston (D.C. Bar No. 1531399)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
ageorge@democracyforward.org
jconnolly@democracyforward.org
rfein@democracyforward.org
hhickman@democracyforward.org
msamburg@democracyforward.org
rthurston@democracyforward.org

Jon Sherman (D.C. Bar No. 998271)*
Michelle Kanter Cohen (D.C. Bar No. 989164)
FAIR ELECTIONS CENTER
1629 K St. NW, Suite 300
Washington, DC 20006
(202) 331-0114
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org

*Counsel for All Plaintiffs*

John L. Davisson (D.C. Bar No. 1531914)
Enid Zhou (D.C. Bar No. 1632392)
Abigail Kunkler (D.C. Bar No. 90030868)
Mayu Tobin-Miyaji (D.C. Bar No. 90033340)
ELECTRONIC PRIVACY INFORMATION CENTER
1519 New Hampshire Ave. NW
Washington, DC 20036
(202) 483-1140
davisson@epic.org
zhou@epic.org
kunkler@epic.org

*Counsel for Plaintiff Electronic Privacy Information Center*

* admitted pro hac vice

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI (D.C. Bar 995500)
Chief Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for the United States*