**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | No. 1:25-cv-03501 (SLS) |

**NOTICE**

As explained in the parties' recent joint status reports, ECF Nos. 144, 145, Plaintiffs recently requested that Defendants provide certain statistics regarding SAVE requests that have been processed for the benefit of the *Florida* Plaintiffs since entry of the injunction in *Florida*. As part of preparing a response to Plaintiffs' request, Defendants recently determined that queries of Social Security Administration (SSA) data by the Department of Homeland Security (DHS) included both (1) SAVE queries for the benefit of the *Florida* Plaintiffs as well as (2) other queries related to DHS law-enforcement investigations.

Upon further inquiry, and as explained in greater detail in the attached declarations, the Department of Justice has now been informed that DHS queried SSA data in support of federal law-enforcement investigations, using an SSA Applied Programming Interface (API) connection between DHS and USCIS. *See* Ex. 1, Decl. of N. Bartell (DHS); Ex. 2, Second Decl. of M. Steffensen (SSA). Those queries are not SAVE requests, but instead reflect DHS efforts to obtain information from SSA to further DHS law-enforcement functions distinct from any SAVE request. *See id.*

Accordingly, these queries do not violate this Court's order of vacatur, because they do not reflect any use of "the SAVE 'modified system'" vacated by this Court, ECF No. 112—again,

these are not SAVE requests at all. Nor would the government seek to justify these queries by reference to either of the Privacy Act System of Records Notices vacated by this Court. So questions related to these law-enforcement inquiries by DHS of SSA data are not before this Court.

Even so, out of an abundance of caution and in candor to the Court, Defendants are filing this notice to ensure a complete factual record—in particular, because of certain statements in the government's July 10, 2026 filing, ECF No. 126, which now risk leaving an incomplete factual impression, in light of the intervening factual developments above.

In Paragraph 4 of the July 10, 2026 Declaration of Mark. A Steffensen, Chief of Law and Policy and General Counsel at the Social Security Administration, Mr. Steffensen stated that "[t]he SSA API connection with DHS USCIS remained disabled until the afternoon of July 9, 2026, when SSA reactivated the connection for use by DHS USCIS solely for the four Plaintiff States subject to the Florida Order of July 7, 2026." ECF No. 126-3. Although that statement was accurate at that time, the subsequent federal law-enforcement requests described above and in the attached declarations appear to have used "[t]he SSA API connection" for a purpose that was not inconsistent with this Court's order of vacatur, but was not "solely for the four Plaintiff States subject to the Florida Order of July 7, 2026."

In addition, on Page 3 of the parties' July 10, 2026 Joint Status Report, Defendants explained that "after the *Florida* order, the Social Security Administration is making NUMIDENT records available for purposes of responding to SAVE requests, though solely with respect to Florida, Ohio, Iowa, and Indiana," and also that "NUMIDENT records will remain unavailable for the purpose of responding to SAVE requests from any other SAVE user." ECF No. 126. That statement was (and remains) accurate. Even so, to avoid any risk of an incomplete factual impression, Defendants are submitting this filing and the attached declarations to update the record. Defendants now supplement that response to clarify, as explained in the attached declarations, that DHS has also queried NUMIDENT records for federal law-enforcement purposes distinct from any SAVE request, the "SAVE 'modified system'" vacated by this Court, or the Privacy Act System of Records Notices vacated by this Court.

Dated: September 14, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI (D.C. Bar No. 995500)
Chief Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*